STATE of Wisconsin, Plaintiff-Respondent,

v.

Andrew J. MATASEK, Defendant-Appellant.†

Court of Appeals

*No. 2012AP1582–CR. Submitted on briefs April 16, 2013.
—Decided April 30, 2013.*

2013 WI App 63

(Also reported in 831 N.W.2d 450.)

† Petition for Review Filed.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jeffrey J. Guerard* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Christine A. Remington,* assistant attorney general, and *J.B. Van Hollen,* attorney general.

Before Hoover, P.J., Mangerson, J., and Thomas Cane, Reserve Judge.

¶ 1. CANE, J. This appeal concerns the proper interpretation of Wis. Stat. § 973.015,[1] which grants circuit courts discretion to order that certain criminal convictions be expunged upon successful completion of the offender's sentence. Andrew Matasek argues that § 973.015 allows a court to defer making a decision on expunction until after the defendant has successfully completed his or her sentence. The State disagrees, contending that under the statute's plain language, the expunction decision must be made at the time of sentencing. We agree with the State. We therefore reject Matasek's argument that the circuit court should have left the expunction issue open until he successfully completed his sentence. Consequently, we affirm Matasek's judgment of conviction.

## BACKGROUND

¶ 2. Matasek was charged with one count of manufacture or delivery of THC (>200–1000 grams), as a party to a crime. Matasek pled no contest, and the case proceeded to sentencing.

¶ 3. At the sentencing hearing, Matasek's attorney asked the court to consider "an [expunction] opportunity for [Matasek.]" Counsel clarified that he was not

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

asking the court to "order [expunction] today upon completion of the sentence." Instead, counsel stated, "I am asking your Honor to consider that if [Matasek] does everything that is required of him by his sentence, probation, whatever the conditions may be, that at some point in the future he can come back to this Court and ask that his record be cleared."

¶ 4. The court denied Matasek's request to hold the issue of expunction open until a later date. The court acknowledged that, as a matter of public policy, "it might be appropriate for someone to be able to come back to the court that sentenced them four, or five, or six, seven years [later]" and show that subsequent good behavior justified the expunction of a prior conviction. However, based on the plain language of the expunction statute, the court concluded that the expunction decision must be made at the time of sentencing. The court then determined that expunction would be inappropriate in Matasek's case because, although expunction would benefit Matasek, society would be harmed. As a result, the court declined to order that Matasek's conviction be expunged upon the successful completion of his sentence.

¶ 5. The court ultimately sentenced Matasek to three years' probation, with one year in jail as a condition. Matasek now appeals, challenging only the court's conclusion that the decision whether to expunge an offender's conviction must be made at the time of sentencing.

## DISCUSSION

■■

¶ 6. This case requires us to interpret Wis. Stat. § 973.015, the statute governing expunction. Statutory interpretation presents a question of law subject to

independent review. *State v. Arends*, 2010 WI 46, ¶ 13, 325 Wis. 2d 1, 784 N.W.2d 513.

¶ 7. "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d 110. Our analysis begins with the language of the statute. *Id.*, ¶ 45. We give statutory language its common, ordinary, and accepted meaning. *Id.* In addition, we interpret statutory language "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶ 46. " 'If this process of analysis yields a plain, clear statutory meaning, then there is no ambiguity, and the statute is applied according to this ascertainment of its meaning.' " *Id.* (quoting *Bruno v. Milwaukee Cnty.*, 2003 WI 28, ¶ 20, 260 Wis. 2d 633, 660 N.W.2d 656). However, if the statute is ambiguous, we examine extrinsic sources, such as legislative history, to ascertain the legislature's intent. *Id.*, ¶¶ 50–51. A statute is ambiguous if the statutory language reasonably gives rise to two or more different meanings. *Id.*, ¶ 47.

¶ 8. Subject to certain exceptions not relevant here, WIS. STAT. § 973.015(1)(a) provides that

> when a person is under the age of 25 at the time of the commission of an offense for which the person has been found guilty in a court for violation of a law for which the maximum period of imprisonment is 6 years or less, the court may order at the time of sentencing that the record be expunged upon successful completion of the sentence if the court determines the person will benefit and society will not be harmed by this disposition.

247

Matasek argues that the key statutory language, for purposes of this case, is the phrase "the court may order at the time of sentencing that the record be expunged[.]" He contends that, by using the word "may," the legislature intended to provide sentencing courts with "a large amount of discretion when deciding whether to order [expunction]." He argues that, consistent with this grant of discretion, a court should be able to hold the issue of expunction open until the defendant has successfully completed his or her sentence.

¶ 9. Matasek is correct that WIS. STAT. § 973.015(1)(a) grants a court discretion to determine whether a defendant's conviction should be expunged. *See, e.g., State v. Cesar G.*, 2004 WI 61, ¶ 12, 272 Wis. 2d 22, 682 N.W.2d 1 (concluding the word "may" in a statute granted the circuit court discretion); *Rotfeld v. DNR*, 147 Wis. 2d 720, 726, 434 N.W.2d 617 (Ct. App. 1988) (The word "may" in a statute generally allows for the exercise of discretion, as opposed to the word "shall," which indicates mandatory action.). However, contrary to Matasek's assertion, that the legislature granted courts discretion to determine *whether* to order expunction does not mean the legislature also granted courts discretion to decide *when* to make that determination. Instead, the statute plainly and unambiguously directs courts to exercise their discretion in ordering expunction "at the time of sentencing[.]" *See* WIS. STAT. § 973.015(1)(a). If the legislature had intended the meaning Matasek urges, it could have instead written that a court may order expunction at the time of sentencing *or after successful completion of the defendant's sentence.* Because the legislature did not include the underlined language, accepting Matasek's interpretation would require us to add words to the statutory text. We may not read language into the text

of an unambiguous statute. *See Cavey v. Walrath*, 229 Wis. 2d 105, 111, 598 N.W.2d 240 (Ct. App. 1999). Alternatively, the legislature could have simply omitted the phrase "at the time of sentencing." Matasek's interpretation, however, would impermissibly render that language mere surplusage. *See Kalal*, 271 Wis. 2d 633, ¶ 46 (A court must seek to avoid surplusage by giving effect to every word in a statute.).

¶ 10. Moreover, the text of Wis. Stat. § 973.015(2) supports our conclusion that § 973.015(1)(a) requires a court to make its decision on expunction at the time of sentencing. *See Kalal*, 271 Wis. 2d 633, ¶ 46 (Statutes should be interpreted in relation to the language of surrounding or closely-related statutes.). Subsection (2) states, "Upon successful completion of the sentence the detaining or probationary authority shall issue a certificate of discharge which shall be forwarded to the court of record and which shall have the effect of expunging the record." Wis. Stat. § 973.015(2). Subsection (2) directs the detaining or probationary authority, not the court, to take action upon completion of the offender's sentence. The procedure outlined in subsection (2) presumes that, by the time the sentence is completed, the court has already decided whether to expunge the offender's conviction. Interpreting paragraph (1)(a) to allow the circuit court to defer addressing expunction until after completion of the offender's sentence would therefore be inconsistent with subsection (2). This conflict gives us another reason to reject Matasek's interpretation of the statute.

¶ 11. Matasek frames his appellate arguments in terms of statutory interpretation. However, the core of his complaint is actually that it would be better public policy for courts to defer ruling on expunction until after offenders have successfully completed their sen-

tences. Matasek should direct his policy arguments to the legislature, not to this court. *See State v. Stanley*, 2012 WI App 42, ¶ 43, 340 Wis. 2d 663, 814 N.W.2d 867. WISCONSIN STAT. § 973.015(1)(a) clearly and unambiguously states that expunction decisions should be made "at the time of sentencing[.]" In the absence of ambiguity, this court must simply apply the statute as written. *See Kalal*, 271 Wis. 2d 633, ¶ 45.

*By the Court.*—Judgment affirmed.