STATE of Wisconsin,
Plaintiff-Respondent,

v.

Kearney W. HEMP,
Defendant-Appellant.†

Court of Appeals

*No. 2013AP1163–CR. Submitted on briefs December 3, 2013.
—Decided February 4, 2014.*

2014 WI App 34

(Also reported in 844 N.W.2d 421.)

† Petition for Review granted March 25, 2014.

146

On behalf of the defendant-appellant, the cause was submitted on the briefs of *James B. Duquette* of *Seymour, Kremer, Koch, Lochowicz & Duquette LLP*, Elkhorn.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general and *Maura FJ Whelan*, assistant attorney general.

Before Curley, P.J., Kessler and Brennan, JJ.

¶ 1 KESSLER, J. Kearney W. Hemp appeals the judgment of conviction, following a guilty plea, of one count of possession with intent to distribute THC. Hemp also appeals the order denying his petition for expungement. We affirm.

## BACKGROUND

¶ 2. On October 13, 2009, Hemp was charged with one count of possession with intent to deliver THC, contrary to Wis. Stat. § 961.41(1m)(h)1. (2009–10).[1] In exchange for Hemp's guilty plea, the State agreed to recommend probation with 90 days conditional jail time, various treatment-based conditions, and to take no position on expungement.

¶ 3. The circuit court ordered 30 days of conditional jail time, granted the request for an 18–month probation period with Huber release privileges, and ordered multiple other conditions of probation, including treatment with a counselor and absolute sobriety. At the end of the hearing the circuit court also stated: "Moreover, I am going to grant expungement upon successful completion of probation."

¶ 4. On October 30, 2012, Hemp filed a petition, "Form CR-266," to expunge the court record of his conviction. The circuit court ordered proof that Hemp successfully completed probation and paid his financial obligations; however, Hemp's counsel did not respond. On December 18, 2012, Hemp, represented by different counsel, filed another request for expungement, along with the requested proof. Hemp's new counsel indicated that he was representing Hemp in Walworth County, as Hemp had been charged with one count of possession of

---

[1] All subsequent references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

THC and possession of drug paraphernalia, and one count of operating while intoxicated. The charges against Hemp in Walworth County were filed eight months after Hemp completed probation in Milwaukee County. In light of the new charges, the circuit court issued an order requiring Hemp to file a personal statement explaining "why he believes the court should order an expungement under these circumstances." Hemp complied with the order.

¶ 5. After considering Hemp's personal statement and the State's response, the circuit court denied Hemp's petition to expunge the court record of his Milwaukee County conviction. The court stated:

> [Hemp's] desire for expungement did not ripen until he was charged with new offenses in Walworth County. The implied time element in the expungement statute [Wis. Stat. § 973.015(2)] as argued by the State coupled with [Hemp's] tardy action in seeking expungement leads the court to deny his petition.

This appeal follows.

## DISCUSSION

¶ 6. On appeal Hemp argues that, pursuant to Wis. Stat. § 973.015, his conviction was expunged upon the successful completion of his probation and he was not required to petition the circuit court for expungement upon completion of his sentence. Hemp also argues that the circuit court erroneously found his petition "tardy." The State contends that because Hemp did not petition for expungement until approximately one year after his discharge, and after he had been charged with offenses in another county, the circuit court properly denied Hemp's petition. We agree with the State.

## I. Standard of Review.

¶ 7. WISCONSIN STAT. § 973.015 grants circuit courts the discretion to order that certain criminal convictions be expunged upon successful completion of the offender's sentence. *See id.* This case requires us to construe § 973.015. This presents a question of law, which we review *de novo. See Village of Shorewood v. Steinberg*, 174 Wis. 2d 191, 201, 496 N.W.2d 57 (1993). Statutory construction begins with a reading of the language of the statute, and, if the language is unambiguous, we apply the plain language of the statute to the facts at hand. *Id.* "However, if the statute is ambiguous, we examine extrinsic sources, such as legislative history, to ascertain the legislature's intent . . . . A statute is ambiguous if the statutory language reasonably gives rise to two or more different meanings." *State v. Matasek*, 2013 WI App 63, ¶ 7, 348 Wis. 2d 243, 831 N.W.2d 450.

## II. Hemp's record was not expunged after the successful completion of his probation.

¶ 8. WISCONSIN STAT. § 973.015(1)(a) authorizes a court, at the time of sentencing a person under the age of 25 for an offense for which the maximum penalty is six years' imprisonment, to order "that the record be expunged upon successful completion of the sentence if the court determines the person will benefit and society will not be harmed by this disposition." Section 973.015(2) specifies the method for effectuating the expungement upon the successful completion of probation:

> A person has successfully completed the sentence if the person has not been convicted of a subsequent offense

151

and, if on probation, the probation has not been revoked and the probationer has satisfied the conditions of probation. Upon successful completion of the sentence the detaining or probationary authority shall issue a certificate of discharge which shall be forwarded to the court of record and which shall have the effect of expunging the record. If the person has been imprisoned, the detaining authority shall also forward a copy of the certificate of discharge to the department.

██

¶ 9. Contrary to Hemp's argument that the successful completion of his sentence automatically entitled him to expungement, the plain language of the statute clearly states that a defendant is not entitled to expungement of his record unless (1) he successfully completes his sentence; (2) the controlling authority issues a certificate of discharge; *and* (3) that certificate is forwarded to the circuit court. *All three* of these steps must be completed before a record will be expunged. The successful completion of probation was only the first step Hemp needed to complete. Therefore, Hemp's record was not immediately expunged upon completion of his sentence.

### III. A defendant must forward his certificate of discharge to the circuit court within a reasonable time, following the successful completion of his sentence.

¶ 10. Hemp also contends that he was not required to petition the circuit court for expungement and that the circuit court erroneously denied his motion for being "tardy." Both Hemp and the State correctly observe that while the statute specifies that the detaining or probationary authority is responsible for *issuing* a discharge certificate, it does not specify who is

to *forward* that certificate to the circuit court. Nor does the statute specify when the certificate must be forwarded to the circuit court. Our analysis of the statute, and the circuit court's decision, however, lead us to conclude that Hemp was indeed responsible for petitioning the circuit court himself, and that the circuit court properly found his petition "tardy."

¶ 11. According to the general principles of statutory construction, our purpose is to discern the intent of the legislature. *See State ex rel. Garel v. Morgan*, 2000 WI App 223, ¶ 15, 239 Wis. 2d 8, 619 N.W.2d 285. We first look to the language of the statute. *See id.* If the language of the statute clearly and unambiguously sets forth the legislative intent, we do not resort to extrinsic evidence to ascertain the statute's meaning. *See Turner v. Gene Dencker Buick–Pontiac, Inc.*, 2001 WI App 28, ¶ 14, 240 Wis. 2d 385, 623 N.W.2d 151 (WI App 2000). If the statute is ambiguous, we use extrinsic sources, such as legislative history, to discern the intent of the legislature. *See id.* Depending upon the facts in a given case, the same statute may be ambiguous in one context and unambiguous in another. *Sauer v. Reliance Ins. Co.*, 152 Wis. 2d 234, 241, 448 N.W.2d 256 (Ct. App. 1989).

¶ 12. On its face, Wis. Stat. § 973.015 is unambiguous. It clearly states that a circuit court may order a defendant's record expunged at the time of sentencing if the defendant is under 25 years of age, has committed an offense requiring less than six years' imprisonment, successfully completes his probation, and has not been convicted of a subsequent offense. It also puts forth multiple requirements which, in essence, define the successful completion of probation. Missing from the statute, however, are directives as to who must file the

defendant's proof of no subsequent convictions, the defendant's discharge certificate with the circuit court, and when each must be filed. Accordingly, we look to the expungement petition form created by the Judicial Conference, other statutes, and the circuit court's reasoning. We also must interpret the language of § 973.015 in a way that avoids absurd results. *See State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 46, 271 Wis. 2d 633, 681 N.W.2d 110. We also consider the purpose of the statute so far as the purpose is shown in the text and structure of the statute. *See id.*, ¶ 48.

¶ 13. Form CR-266, "Petition to Expunge Record of Conviction" is a form affidavit, adopted by the Judicial Conference, which directs a defendant to supply all pertinent information, including the circumstances of his conviction, the circuit court's order that "the record be expunged upon successful completion of the sentence," and copies of the certificate of discharge. The form also requires the defendant to certify that he has not been convicted of a subsequent offense. The form must be completed and signed by the defendant and a notary public—not a detaining or probationary authority. Form CR-266, and all of its requirements, including the attachment of the discharge certificate, are the sole responsibility of the defendant. It logically follows, then, that WIS. STAT. § 973.015 implicitly requires a defendant seeking the benefit of expungement to provide the circuit court with his discharge certificate. As stated, expungement is only effected when the certificate of discharge has been forwarded to, and approved by, the circuit court. § 973.015(2).

¶ 14. Moreover, other statutes concerning expungement require a defendant to petition himself. *See* WIS. STAT. § 165.77(4) (a person must petition for expungement of his DNA profile from DNA databank);

WIS. STAT. § 938.355(4m) (juvenile must petition for expungement of juvenile adjudication).

¶ 15. As to when a petitioner must forward a certificate of discharge to the circuit court, we agree with the State that the statutory language: "[u]pon successful completion of the sentence the detaining or probationary authority shall issue a certificate of discharge which shall be forwarded to the court of record and which shall have the effect of expunging the record[,]" implies immediacy. *See* WIS. STAT. § 973.015. Though the term "upon" does not primarily denote temporality, the term is defined variously as "immediately following on: very soon after" or "on the occasion of: at the time of." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2518 (unabr. 1993). Because we presume that the legislature "carefully and precisely" chooses statutory language to express a desired meaning, *see Ball v. District No. 4, Area Bd. of Vocational, Technical & Adult Educ.*, 117 Wis. 2d 529, 539, 345 N.W.2d 389 (1984), we conclude that a defendant seeking expungement of a record must petition the circuit court within a reasonable time following the issuance of a discharge certificate. We conclude that § 973.015 requires a petitioner to forward his discharge certificate as soon practicable. *See RTE Corp. v. Maryland Cas. Co.*, 74 Wis. 2d 614, 627, 247 N.W.2d 171 (1976) ("The words 'immediately,' 'forthwith,' 'promptly,' 'as soon as practicable' all require notice in a 'reasonable time.' ").

¶ 16. Here, the Department of Corrections issued Hemp's certificate of discharge on December 15, 2011. However, Hemp did not petition the circuit court with the requested materials, including the discharge certificate, until December 17, 2012—a full year later. By that time, Hemp had been charged with additional offenses in another county. The circuit court noted the connec-

tion between the date of Hemp's petition and the fact that he was charged with additional offenses elsewhere by stating that it would have granted Hemp's petition had he filed it immediately after the issuance of his discharge certificate, but "now the circumstances are such that [Hemp] is asking the court to ignore his recent behavior and to assist him in the defense of his new charges by ordering an expungement in this case." In recognizing Hemp's ulterior motive and denying expungement, the circuit court properly found Hemp's petition untimely. The circuit court then properly exercised its sentencing discretion by noting the relevance of Hemp's new criminal charges, which had proceeded through a probable cause finding, and denied his request for expungement.[2]

¶ 17. Moreover, we are to avoid statutory interpretations that lead to absurd results. *See, e.g., Kalal*, 271 Wis. 2d 633, ¶ 46. Here, Hemp's interpretation of

[2] It is well-settled law that a sentencing court is to consider all information relevant to a particular defendant, including information pertaining to the defendant's character and patterns of behavior, and that the court has considerable discretion in rendering sentences. *See Elias v. State*, 93 Wis. 2d 278, 285, 286 N.W.2d 559 (1980) ("The responsibility of the sentencing court is to acquire full knowledge of the character and behavior pattern of the convicted defendant before imposing sentence."); *Neely v. State*, 47 Wis. 2d 330, 334–35, 177 N.W.2d 79 (1970), *overruled on other grounds by Stockwell v. State*, 59 Wis. 2d 21, 207 N.W.2d 883 (1973) ("Not only is all relevant information to be brought to the attention of the sentencing judge, but considerable latitude is to be permitted trial judges in obtaining and considering all information that might aid in forming an intelligent and informed judgment as to the proper penalty to be imposed."); *see also* WIS. STAT. § 973.017 (providing general guidelines for a circuit court in exercising its sentencing discretion).

Wis. Stat. § 973.015 could lead to absurd results. Adopting Hemp's interpretation would unfairly allow petitioners who have successfully completed probation, but go on to commit other offenses before filing for expungement, to file petitions regarding their original offenses in an attempt to get lower sentences for their subsequent offenses. The benefit of expungement was not created as a means of manipulating the system. Because the statute allows for expungement if a petitioner has committed no other offenses before the completion of probation, it logically follows that the legislative intent behind the benefit is to clear the record of a person who presumably will not make his way back into the criminal justice system. The benefit of expungement allows certain offenders to wipe the slate clean of their offenses and to present themselves to the world—including future employers—unmarked by past wrongdoing. Offenders who go on to commit additional wrongdoings, but still seek the benefit of erasing portions of their records, are not among those contemplated by the legislature to receive the benefit.

¶ 18. For the foregoing reasons, we affirm the circuit court.

*By the Court.*—Judgment and order affirmed.

¶ 19. CURLEY, P.J. (*dissenting*). I respectfully dissent. Both the trial court and the Majority believe that Hemp was responsible for getting the information concerning his successful completion of probation to the trial court and that the trial court retained discretion to deny the expungement. I disagree with both propositions. Wisconsin Stat. § 973.015, the statute in question, is an outlier. It requires the trial court to determine *at the time of sentencing* whether the criminal record should be expunged after the successful completion of

the sentence. Although the better public policy and more logical approach might be to make a determination as to expungement after the individual successfully completes his or her sentence, that is not the way the statute is written.

¶ 20. The Majority, after reciting the proper rules for the construction of the statutes, claims that Hemp had to forward his certificate of discharge to the circuit court within a reasonable time following the successful completion of his sentence. Nowhere in the statute is there a whiff of a suggestion that Hemp has the laboring oar in this procedure. According to the statute, after "[a] person has successfully completed the sentence," "*the detaining or probationary authority* shall issue a certificate of discharge which shall be forwarded to the court of record and which shall have the effect of expunging the record." *See* WIS. STAT. § 973.015(2) (emphasis added). The statute says absolutely nothing about the person who has successfully completed his sentence taking any affirmative action to obtain the expungement. *See* § 973.015.

¶ 21. Indeed, the statute clearly states that the "detaining or probationary authority *shall* issue a certificate of discharge which shall be forwarded to the court of record." *See* WIS. STAT. § 973.015(2) (emphasis added). The use of the word "shall" is a strong indication that the legislature was directing the detaining or probationary authority to both issue a certificate of discharge and forward same to the court. *See Rotfeld v. DNR*, 147 Wis. 2d 720, 726, 434 N.W.2d 617 (Ct. App. 1988) (The word "may" in a statute generally allows for the exercise of discretion, as opposed to the word "shall," which indicates mandatory action.). This interpretation was recognized in *State v. Matasek*, 2013 WI App 63, 348 Wis. 2d 243, 831 N.W.2d 450, a recent case cited by

the Majority. In *Matasek*, this court, interpreting § 973.015, concluded that it is the detaining or probationary authority's duty to issue the certificate of discharge and forward it to the court:

> Subsection (2) states, "Upon successful completion of the sentence the detaining or probationary authority shall issue a certificate of discharge which shall be forwarded to the court of record and which shall have the effect of expunging the record." WIS. STAT. § 973.015(2). *Subsection (2) directs the detaining or probationary authority, not the court, to take action upon completion of the offender's sentence.*

*Matasek*, 348 Wis. 2d 243, ¶ 10 (emphasis added). This holding contradicts the Majority's position that Hemp had to take action.

¶ 22. Finally, it is well to point out that not only is there no directive requiring the probationer to take action, but also there is no mention of any timeline for these actions to occur.

¶ 23. The Majority characterizes Hemp's inaction as "unfair" and leading to absurd results. *See* Majority, ¶ 17. The unfair and presumably absurd result in this case appears to be that a person who successfully completed his sentence, who was entitled to expungement and who was charged with later offenses before filing for the expungement, is attempting to lower his sentence for subsequent offenses. Had the correct procedure been followed in this case, however, Hemp would be facing his new offenses with an expunged charge. How is that "unfair" or "absurd"? How does the timing of the deserved expungement change the result? Surely there are others who have had their offenses expunged who went on to be charged with new offenses.

¶ 24. The Majority goes on to argue that, "The benefit of expungement was not created as a means of

manipulating the system." *See* Majority, ¶ 17. This statement suggests that Hemp had some sinister motive in wanting to obtain the expungement after the new charges were issued. But expungement was always a benefit for Hemp. Expungement did not suddenly become a benefit when Hemp faced new charges. As the Majority points out, the expungement allows "offenders to . . . present themselves to the world—including future employers—unmarked by past wrongdoing." *See id.* Why would Hemp have foregone this opportunity? A more rational interpretation of the events is that Hemp assumed his charge had been expunged and did not learn to the contrary until after being advised by his lawyer when the new charges were issued.

¶ 25. Had Hemp, a young person under the age of twenty-five, read the statute, he would not have been put on notice that he was required to do anything. Hemp could not possibly have known that the Judicial Conference adopted a form entitled CR-266, "Petition to Expunge Court Record of Conviction," which calls for information concerning the case.[3] Eventually, Hemp's

---

[3] The Majority's contention that because "[f]orm CR-266, and all of its requirements . . . are the sole responsibility of the defendant," the statute "implicitly requires a *defendant* . . . to provide the circuit court with his discharge certificate," *see* Majority, ¶ 13 (emphasis added), is unpersuasive. This form contradicts the statute's plain language. It shifts the burden of forwarding a defendant's certificate of discharge from "the detaining or probationary authority," *see* WIS. STAT. § 973.015(2), to the defendant, *see* CR-266. The fact that the form directly contradicts the statute's clear and admittedly unambiguous language, *see* Majority, ¶ 12, is evidence that the *form* ought to be revised—not that this court should misinterpret the statute. *See, e.g., In re Harris*, 415 B.R. 756, 762 (Bankr. E.D. Cal. 2009) ("When the wording of an Official Form varies from the language of the underlying statute, the statute controls."); *In re Moore*, No. 07–11528C-13G, *5 n.8 (Bankr.

lawyer provided the information requested by the trial court. Under this scenario, Hemp's request was neither "tardy" nor done with malicious intent.

¶ 26. Hemp successfully completed his probation. He submitted form CR-266. According to the statute's clear and unambiguous wording, the sending of the certificate should have had "the effect of expunging the record." *See* WIS. STAT. § 973.015(2). It may be that the court wanted additional confirmation of the successful completion of the sentence. However, once this information was provided, the trial court had no discretion to deny expungement. The Majority has added as a condition that the trial court must approve the expungement. Nothing in the statute makes mention of a trial court's approval of the expungement. Hemp got caught up in a Byzantine system that gives no notice of the correct procedure and punishes those without knowledge who get caught in its web. Hemp successfully completed his probation. He is entitled to expungement.

M.D. N.C. Apr. 2, 2008) ("a statute controls if an official form is inconsistent with such statute").