# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2012AP1582-CR |
| COMPLETE TITLE: | State of Wisconsin, |
| |        Plaintiff-Respondent, |
| |    v. |
| | Andrew J. Matasek, |
| |        Defendant-Appellant-Petitioner. |

REVIEW OF A DECISION OF THE COURT OF APPEALS
348 Wis. 2d 243, 831 N.W.2d 450
(Ct. App. 2013 – Published)
PDC No: 2013 WI App 63

| | |
|---|---|
| OPINION FILED: | May 23, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | February 20, 2014 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | Circuit |
|   COUNTY: | Ozaukee |
|   JUDGE: | Thomas R. Wolfgram |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

For the defendant-appellant-petitioner, there were briefs by *Jeffrey J. Guerard* and *Ahmad & Guerard, LLP*, Milwaukee, and oral argument by *Jeffrey J. Guerard*.

For the plaintiff-respondent, the cause was argued by *Christine Remington*, assistant attorney general, with whom on the brief was *J.B. Van Hollen*, attorney general.

An amicus curiae brief was filed by *Kaitlin A. Lamb and Colleen D. Ball*, assistant state public defenders, and *Kelli S. Thompson*, state public defender, on behalf of the Wisconsin State Public Defender. There was oral argument by *Kaitlin A. Lamb*.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2012AP1582-CR
(L.C. No. 2011CF57)

STATE OF WISCONSIN                    :         IN SUPREME COURT

**State of Wisconsin,**

      **Plaintiff-Respondent,**

      **v.**

**Andrew J. Matasek,**

      **Defendant-Appellant-Petitioner.**

**FILED**

**MAY 23, 2014**

Diane M. Fremgen
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals.  *Affirmed.*

¶1   SHIRLEY S. ABRAHAMSON, C.J.   This is a review of a published decision of the court of appeals affirming a judgment of the circuit court for Ozaukee County, Thomas R. Wolfgram, Judge.[1]  The defendant, Andrew J. Matasek, pled no contest to the manufacture or delivery of THC (tetrahydrocannabinols), contrary to Wis. Stat. §§ 961.41(h)2, 939.50(3)(h), 939.05 (2011-12).[2]

---

[1] State v. Matasek, 2013 WI App 63, 348 Wis. 2d 243, 831 N.W.2d 450.

[2] All subsequent references to the Wisconsin Statutes are to the 2011-12 version unless otherwise indicated.

¶2 The conviction is not at issue. Only expunction of the record pursuant to Wis. Stat. § 973.015 is at issue. Wisconsin Stat. § 973.015 grants circuit courts discretion to order a record expunged.

¶3 The instant case requires this court to determine when a circuit court is to exercise its discretion to expunge a record. The circuit court and the court of appeals held that the circuit court's decision whether to expunge an offender's record must be made at the time of sentencing. In other words, the circuit court may order expunction or may deny expunction, but the circuit court must do so at the sentencing proceeding.

¶4 The defendant challenges the circuit court's conclusion that the statute requires a circuit court to make its expunction decision at the sentencing proceeding.

¶5 The defendant argues that the statute allows a circuit court to delay the expunction decision until the offender's successful completion of the sentence.[3]

---

[3] The non-party (amicus) brief of the Office of the Wisconsin State Public Defender advises the court that circuit courts across the state interpret Wis. Stat. § 973.015, the expunction statute, differently, some viewing the statute as allowing a circuit court to determine whether to expunge a record at the offender's successful completion of the sentence. The brief directs us to State v. Littlejohn, Case No. 2013CM1116 (Milwaukee Cty. Cir. Ct., May 24, 2013); State v. Brenzier, Case No. 2012CF0225 (Eau Claire Cty. Cir. Ct., Jan. 31, 2013); State v. Hyde, Case No. 2012CF0127 (Adams Cty. Cir. Ct., Feb. 11, 2013); State v. Griffith, Case No. 2013CM0082 (Calumet Cty. Cir. Ct., May 20, 2013); State v. Kenevan, Case No. 2013CF0024 (Dodge Cty. Cir. Ct., Mar. 25, 2013); and State v. Jones, Case. No. 2013CM0180 (Waukesha Cty. Cir. Ct., Jun. 27, 2013).

¶6 We disagree with the defendant and agree with the circuit court and the court of appeals. We interpret the phrase "at the time of sentencing" in Wis. Stat. § 973.015 to mean that if a circuit court is going to exercise its discretion to expunge a record, the discretion must be exercised at the time of the sentencing proceeding. Accordingly, we affirm the decision of the court of appeals.[4]

---

The non-party brief argues that affirming the decision of the court of appeals and eliminating the circuit court's option to expunge after the successful completion of the sentence changes the ground rules after the fact. These offenders entered pleas and entered into plea agreements believing that the circuit court may validly defer the final call on expunction until a future date. The non-party brief contends that affirming the court of appeals will provoke more litigation and undermine the credibility of the justice system. According to the State, the circuit court's workload will not be expanded by our affirming the decision of the court of appeals. The State argues that an offender has the right after this decision to challenge his sentence, including the circuit court's expunction decision.

The question of the effect of a circuit court's having incorrectly deferred the discretionary expunction decision is not before us in the present case and we do not address it.

[4] The non-party (amicus) brief of the Office of the Wisconsin State Public Defender suggests that the circuit court can move the time of an expunction decision even without statutory authorization as an exercise of its inherent authority. Non-Party Brief of Wis. St. Public Defender at 4-5. The parties do not address, and we do not address, whether a circuit court has inherent power to order expunction of a record when the circuit court cannot expunge the record under Wis. Stat. § 973.015.

I

¶7   The facts are undisputed for purposes of this review. At the time of the commission of the offense, the defendant was under 25 years of age; the defendant pled no contest and was found guilty; and the maximum sentence for the offense for which he was found guilty has a maximum period of imprisonment of six years or less.   The defendant thus fulfilled the initial requirements for expunction.[5]

¶8   After announcing that it would place the defendant on probation with one year of confinement as a condition of probation, the circuit court addressed the defense counsel's request that the circuit court withhold its decision on expunction until the defendant successfully completed his sentence.   The circuit court acknowledged that making an expunction decision later might be better procedure on policy grounds, but decided that the expunction statute clearly

---

In June 2009, the State Bar submitted Rule Petition 09-07 to modify Chapter 72 of the Wisconsin Supreme Court Rules to authorize expunction under certain circumstances.   The court referred the subject of expunction to the Legislative Committee of the Wisconsin Judicial Conference for possible legislative action.

Moreover, we do not address the issues addressed in State v. Hemp, 2014 WI App 34, 353 Wis. 2d 146, 844 N.W.2d 421, namely the obligation of the offender to petition the circuit court for expunction after successful completion of the sentence or the considerations a circuit court may weigh to grant or deny an offender's petition for expunction after the offender's successful completion of the sentence.

[5] See Wis. Stat. § 973.015(1)(a).

restricted the circuit court to make its expunction decision at the sentencing proceeding.

¶9   The following exchange between the circuit court and the defense counsel ensued:

> THE COURT: . . . . [Defense counsel], I wish they'd write [the expunction] statute differently, because I think it might be appropriate for someone to be able to come back to the court that sentenced them four, or five, or six, seven years and say, here, see what happened to me.  I'm a good person.  This was just an anomaly.  But that's not the way the statute's written.  I wish it was.  And I've talked to . . . our representative to provide for something like that.  Or even later in the term of probation or the confinement period.  But that isn't the way the statute's written. Okay?
>
> [DEFENSE COUNSEL]:   Well, your Honor, I have had courts ——
>
> THE COURT:  I know you have.
>
> [DEFENSE COUNSEL]:  —— interpret it that way.
>
> THE COURT:  Everyone has had it.  But until someone tells me I can do it differently I have to interpret the statute by what it says.  What it says is the court shall at the time of sentencing determine eligibility.  And that's the way I read it.
>
> [DEFENSE COUNSEL]:   But I think eligibility, your Honor, is different than necessarily ordering it at the end of a probationary period.
>
> THE COURT:  But I'm not sentencing him at the end of a probationary period unless it's revoked.  You know, why don't you appeal me, because I wish they'd change the statute or determine that I'm wrong.  I can't read it any other way than the way —— than what the words mean, okay?
>
> Because the penalty structure, the expungement statute applies.  Could he benefit, absolutely.  Any

individual who is this age could benefit from a disposition which keeps it off his record.

The next part is would society be harmed. Yeah, they would in my opinion. Because it would, in society's eyes, in this defendant's eyes, it would unduly depreciate the seriousness of what he's done. It wouldn't reflect delivering two pounds of marijuana. It would send a contrary message to this defendant. It would send a contrary message to society. And it would fail to put them on notice of what he's done here. So I can't make that finding.

Now, appeal me. Okay? Because if I'm wrong on that statute I think it's —— I'd love to be able to come back at the end of three, or four, or five years, or whatever it might be, and evaluate the person based on what I see then. But the way I read the statute I have to evaluate him based on what he —— where he is right now. And that's my evaluation as of today's date. . . . .

. . . .

[DEFENSE COUNSEL]: If I'm clear on what you're saying, your Honor, is you would consider leaving the expungement issue open for a number of years. You simply don't believe that the statute allows you to do that?

THE COURT: I agree. That's what I said.

[DEFENSE COUNSEL]: Okay.

THE COURT: I would say I'd defer that determination of whether it's appropriate or not to the end of the probation. But I don't think I can do that the way the statute's written.

## II

¶10 The question posed is one of statutory interpretation. Statutory interpretation is ordinarily a question of law that

this court determines independently but benefiting from the analysis of the circuit court and court of appeals.[6]

¶11 The court has developed various tools of statutory interpretation that we shall use in the instant case.

¶12 We interpret a statute by looking at the text of the statute.[7] The statutory language is examined within the context in which it is used.[8] Words are ordinarily interpreted according to their common and approved usage; technical words and phrases and others that have a particular meaning in the law are ordinarily interpreted according to their technical meaning.[9] Statutes are interpreted to give effect to each word and to avoid surplusage.[10] The definition of a word or phrase can vary

---

[6] DOR v. River City Refuse Removal, Inc., 2007 WI 27, ¶26, 299 Wis. 2d 561, 729 N.W.2d 396.

[7] Klemm v. Am. Transmission Co., LLC, 2011 WI 37, ¶18, 333 Wis. 2d 580, 798 N.W.2d 223.

[8] Alberte v. Anew Health Care Servs., Inc., 2000 WI 7, ¶10, 232 Wis. 2d 587, 605 N.W.2d 515 ("While it is true that statutory interpretation begins with the language of the statute, it is also well established that courts must not look at a single, isolated sentence or portion of a sentence, but at the role of the relevant language in the entire statute."); Seider v. O'Connell, 2000 WI 76, ¶43, 236 Wis. 2d 211, 612 N.W.2d 659 (contextual approach is not new); Klemm, 333 Wis. 2d 580, ¶18 ("The statutory language is examined within the context in which it is used.").

[9] Klemm, 333 Wis. 2d 580, ¶18; see also Wis. Stat. § 990.01.

[10] See, e.g., Klemm, 333 Wis. 2d 580, ¶18; Pawlowski v. Am. Family Mut. Ins. Co., 2009 WI 105, ¶22, n.14, 322 Wis. 2d 21, 777 N.W.2d 67 (citing Donaldson v. State, 93 Wis. 2d 306, 315, 286 N.W.2d 817 (1980))

in different statutes or under different circumstances.[11]  When a word is used multiple times in the same enactment, we attribute the same meaning to the word each time.[12]

¶13 Statutes are interpreted in view of the purpose of the statute.[13]  Moreover, words are given meaning to avoid absurd, unreasonable, or implausible results and results that are clearly at odds with the legislature's purpose.[14]

---

[11] Wisconsin's Envtl. Decade, Inc. v. DNR, 85 Wis. 2d 518, 528, 271 N.W.2d 69, 73-74 (1978) ("The ultimate scope of a term capable of a broad or narrow meaning in the abstract must be determined by its context in a particular instance. The same word may receive a different construction in different statutes."); State v. Mentzel, 218 Wis. 2d 734, 740, 581 N.W.2d 581 (Ct. App. 1998) (the meaning of a word depends on the particular statute involved and the setting to which the statute applies).

[12] DaimlerChrysler v. LIRC, 2007 WI 15, ¶29, 299 Wis. 2d 1, 727 N.W.2d 311 (opinion clarified on denial of reconsideration, 2007 WI 40, 300 Wis. 2d 133, 729 N.W.2d 212).

[13] State v. Hanson, 2012 WI 4, ¶17, 338 Wis. 2d 243, 808 N.W.2d 390 ("'Context and [statutory] purpose are important in discerning the plain meaning of a statute.' . . . We favor an interpretation that fulfills the statute's purpose.") (quoted source & citations omitted); Klemm, 333 Wis. 2d 580, ¶18 ("An interpretation that fulfills the purpose of the statute is favored over one that undermines the purpose."); Lagerstrom v. Myrtle Werth Hosp.-Mayo Health System, 2005 WI 124, ¶51, 285 Wis. 2d 1, 700 N.W.2d 201 (examining "legislative goals" to interpret a statute); Alberte, 232 Wis. 2d 587, ¶10 (courts need not adopt a literal or usual meaning of a word when acceptance of that meaning would thwart the obvious purpose of the statute); United Wis. Ins. Co. v. LIRC, 229 Wis. 2d 416, 425-26, 600 N.W.2d 186 (Ct. App. 1999) ("Fundamental to an analysis of any statutory interpretation is the ascertainment and advancement of the legislative purpose.").

[14] Alberte, 232 Wis. 2d 587, ¶10; Seider, 236 Wis. 2d 211, ¶32; Teschendorf v. State Farm Ins. Cos., 2006 WI 89, ¶¶15, 18, 32, 293 Wis. 2d 123, 717 N.W.2d 258.

III

¶14 We turn to the text of the statute. The expunction statute, Wis. Stat. § 973.015(1)(a), provides that when the offender is under the age of 25 at the commission of the offense and has been found guilty of violation of a law for which the maximum period of imprisonment is six years or less, a circuit court may order <u>at the time of sentencing</u> the expunction of a record upon the offender's successful completion of the sentence.

¶15 Section § 973.015(1)(a) reads in relevant part as follows:

> [W]hen a person is under the age of 25 at the time of the commission of an offense for which the person has been found guilty in a court for violation of a law for which the maximum period of imprisonment is 6 years or less, the court may order <u>at the time of sentencing</u> that the record be expunged <u>upon successful completion of the sentence</u> if the court determines the person will benefit and society will not be harmed by this disposition . . . (emphasis added).

Section 973.015(2) reads in relevant part:

> A person has <u>successfully completed the sentence</u> if the person has not been convicted of a subsequent offense and, if on probation, the probation has not been revoked and the probationer has satisfied the conditions of probation (emphasis added).

¶16 First, the defendant argues that the discretion granted to the circuit court about <u>whether</u> to expunge a record extends to <u>when</u> the circuit court may expunge a record. The defendant reasons that because the circuit court "may order at the time of sentencing that the record be expunged," it may also order the record expunged at some other time.

¶17 The defendant's interpretation in effect reads the statutory phrase "at the time of sentencing" out of the statute, thus rendering the phrase surplusage. Such an interpretation does not comport with our approach to statutory interpretation.

¶18 We read statutes to avoid surplusage. We are to assume that the legislature used all the words in a statute for a reason. "[E]very word appearing in a statute should contribute to the construction of the statute . . . ."[15]

¶19 If we were to hold that the legislature intended that the circuit court's discretion <u>whether</u> to order expunction extends to <u>when</u> to order expunction, then the circuit court would have discretion to grant expunction at any time, rendering the phrase "at the time of sentencing" meaningless.

¶20 Alternatively, if the legislature intended the circuit court to order expunction at the time of successful completion of the sentence, it could have added those words to the statute. "We should not read into the statute language that the legislature did not put in."[16]

¶21 Furthermore, when we compare the expunction provisions of Wis. Stat. § 973.015 with the statute governing expunction of juvenile records, § 938.355(4m), we see that when the legislature wanted to accomplish the result the defendant seeks in the present case, the legislature used different language.

---

[15] <u>Johnson v. State</u>, 76 Wis. 2d 672, 676, 251 N.W.2d 834, 836 (1977).

[16] <u>Brauneis v. LIRC</u>, 2000 WI 69, ¶27, 236 Wis. 2d 27, 612 N.W.2d 635.

¶22 With regard to expunction of juvenile records, the circuit court is not limited to expunging a juvenile's record at the time of sentencing. Rather, a juvenile offender may petition the circuit court for expunction after the offender turns 17, and "the court may expunge the record if the court determines that the juvenile has satisfactorily complied with the conditions of his or her dispositional order and that the juvenile will benefit from, and society will not be harmed by, the expungement." Wis. Stat. § 938.355(4m).

¶23 For these reasons, we are not persuaded by the defendant's first justification of his interpretation.

¶24 Second, the defendant argues that he was never given a sentence, and that consequently he was never subject to "sentencing" under Wis. Stat. § 973.015(1)(a). According to the defendant, he was placed on probation and sentence was withheld; thus, the words "at the time of sentencing" do not apply to his case. The defendant argues that because he has never been subject to "sentencing," the circuit court still has discretion to expunge his record.

¶25 In making the distinction between probation and sentencing, the defendant relies on statutes and our prior case law.

¶26 The defendant correctly points to statutes that distinguish the phrase "a sentence" from a disposition "placing a person on probation."

¶27 Wisconsin Stat. §§ 973.043 and 973.045 are just two examples of statutes that specifically refer to a sentence and

11

probation as two distinctly different dispositions for a criminal defendant. Wisconsin Stat. § 973.043(1) states: "If a court imposes a sentence or places a person on probation for a crime under ch. 943 that was . . . " (emphasis added). Wisconsin Stat. § 973.045(1) similarly states: "If a court imposes a sentence or places a person on probation, the court shall impose a crime victim and witness assistance surcharge. . . ." (emphasis added).

¶28 The defendant contends that if the legislature intended probation to be a sentence, it would not have used the words "or probation" after the word "sentence."

¶29 The defendant cites case law, including State v. Horn, 226 Wis. 2d 637, 647, 594 N.W.2d 772 (1999), in which the court distinguished a sentence and probation. In Horn, the court stated that "probation itself is not generally a sentence" and that "probation is an alternative to sentencing."[17] But the Horn court also recognized that probation is "closely related to sentencing as a possible criminal disposition"[18] and that "whether a sentence is imposed and stayed, or withheld, the circuit court fully exercises its constitutional function to impose a criminal disposition."[19]

¶30 The Horn case is instructive, as the defendant contends, about sentencing and probation, but we draw a

---

[17] Horn, 226 Wis. 2d at 647.

[18] Id.

[19] Id. at 649.

12

different lesson from the case law than the defendant does. Rather, the case and the cases on which <u>Horn</u> relies teach that in some statutes and under some circumstances probation is not considered a sentence; in other statutes and under other circumstances probation is a sentence.

¶31 The case law teaches that the words "sentence" and "sentencing" need not have the same meaning in every statute or under every circumstance. "If anything is clear, it is that the word 'sentence' is not [clear]; the word is colored by the light with which it is viewed."[20]

¶32 Furthermore, if we adopt the defendant's interpretation that the disposition of probation is not a "sentence," the expunction statute need not be interpreted as the defendant suggests. Instead, the statute could be interpreted to mean that because a probationer is never sentenced, the probationer can never receive expunction. This would be an absurd result.

¶33 The lesson learned from statutes and cases is that sometimes probation is distinct from a "sentence," and other times the words "sentence" and "sentencing" include probation.

¶34 That the legislature intended "at the time of sentencing" in the expunction statute to include the disposition of probation becomes evident on reading subsection (2) of Wis.

---

[20] <u>State v. Swiams</u>, 2004 WI App 217, ¶16, 277 Wis. 2d 400, 690 N.W.2d 452 (listing different ways in which courts and statutes use the word "sentence" to refer to different dispositions).

13

Stat. § 973.015 defining the phrase "successful completion of the sentence," a phrase used in § 973.015(1) to describe a prerequisite to expunction. Wisconsin Stat. § 973.015(2) provides in relevant part as follows:

> A person has successfully completed the sentence if the person has not been convicted of a subsequent offense and, if on probation, the probation has not been revoked and the probationer has satisfied the conditions of probation.

¶35 Clearly, the expunction statute envisions probation as included within the word "sentence" when the statute defines "successful completion of sentence" as including probation not having been revoked and the conditions of probation having been satisfied.

¶36 It would be absurd to view the words "at the time of sentencing" used in Wis. Stat. § 973.015(1) of the expunction statute to exclude probation in light of the definition of "successful completion of sentence" in subsection (2) as including successful completion of probation. We generally hold that when the legislature uses the same word multiple times in a statute the word has the same meaning each time.[21] Thus § 973.015 itself views probation as a sentence.

¶37 Similarly, the statute governing probation, Wis. Stat. § 973.09, treats probation as a sentence. It refers repeatedly to the court ordering probation as "the sentencing court." See

---

[21] DaimlerChrysler v. LIRC, 2007 WI 15, ¶29, 299 Wis. 2d 1, 24, 727 N.W.2d 311 (opinion clarified on denial of reconsideration, 2007 WI 40, 300 Wis. 2d 133, 729 N.W.2d 212).

14

Wis. Stat. §§ 973.09(3)(b), (bm), (d). The probation statute is part of chapter 973 of the statutes, which is entitled "Sentencing."[22]

¶38 The phrase "at sentencing" has been used in case law to describe the proceeding that determines an offender's disposition even when that disposition is probation.[23] Indeed, the Judicial Benchbook places probation in the chapter "Options for Sentencing."[24]

¶39 For these reasons, we are unpersuaded by the defendant's argument that "sentencing" for the purposes of Wis. Stat. § 973.015 does not include probation.

---

[22] Although the title of a statute is not part of the law, Wis. Stat. § 990.001(6), it may help in resolving statutory interpretation questions. Wis. Valley Imp. Co. v. Public Serv. Comm'n, 9 Wis. 2d 606, 618, 101 N.W.2d 798 (1960).

[23] See State v. Martel, 2003 WI 70, ¶6, 262 Wis. 2d 483, 664 N.W.2d 69 ("At sentencing, . . . [t]he circuit court withheld sentence and placed Martel on probation for 36 months . . . ."); State v. Williams, 2002 WI 1, ¶26, 249 Wis. 2d 492, 637 N.W.2d 733 (holding that prosecutor's remarks "at sentencing" undermined plea agreement of probation); State v. Fernandez, 2009 WI 29, ¶¶8, 22 n.20, 51, 316 Wis. 2d 598, 764 N.W.2d 509 (interpreting Wis. Stat. § 973.20(13)(a), which lists factors for the circuit court to consider in awarding restitution damages, regarding circuit court findings "at sentencing," in a case involving a defendant ordered on probation); State v. Booth, 142 Wis. 2d 232, 418 N.W.2d 20 (1987) (holding that withholding of sentence and imposition of probation are functionally equivalent to sentencing for determining appropriateness of plea withdrawal).

[24] Wisconsin Judicial Benchbook at CR 38-7 to 38-14 (4th ed. 2013). The Judicial Benchbook notes that it should not be cited as legal authority.

¶40 Third, the defendant argues that public policy supports his interpretation and that his interpretation comports with the purpose of the statute.

¶41 We agree with the defendant, as did the circuit court, that there are policy reasons for permitting the circuit court to decide on expunction after the offender completes his or her sentence rather than at the time of sentencing. The circuit court will probably be better positioned to weigh the benefit to the offender and the harm to society after (rather than before) the offender has successfully completed the sentence.

¶42 Yet requiring the expunction decision to be made at the time of sentencing is not contrary to the purpose of the statute and does not produce an unreasonable or absurd result. The legislative purpose of Wis. Stat. § 973.015 is "to provide a break to young offenders who demonstrate the ability to comply with the law" and to "provide[] a means by which trial courts may, in appropriate cases, shield youthful offenders from some of the harsh consequences of criminal convictions."[25]

¶43 This legislative purpose can be met by requiring the expunction decision to be made at the time of sentencing. By deciding expunction at the time of sentencing, a circuit court creates a meaningful incentive for the offender to avoid reoffending. If the legislature allows the circuit court to take the defendant's proffered "wait-and-see" approach,

---

[25] State v. Leitner, 2002 WI 77, ¶38, 253 Wis. 2d 449, 646 N.W.2d 341 (internal quotation marks and citations omitted).

16

offenders will be uncertain whether the circuit court will expunge the record and this uncertainty might provide a weaker incentive to an offender to complete his or her sentence successfully.

¶44  In sum, a reasonable reading of the text of the expunction statute in view of the purpose of the statute is that the legislature included the words "at the time of sentencing" to limit the point in time at which the circuit court is to make a decision about expunction, and that the phrase "at the time of sentencing" means at the proceeding at which the circuit court announces the sanction.

¶45  Like the circuit court and the court of appeals, we are convinced that the statutory language restricts the time at which the circuit court may order expunction.  We interpret the phrase "at the time of sentencing" in Wis. Stat. § 973.015 to mean that if a circuit court is going to exercise its discretion to expunge a record, the discretion must be exercised at the sentencing proceeding.

¶46  Accordingly, we affirm the decision of the court of appeals.  This interpretation conforms with the text, context, and legislative purpose of the expunction statute.

¶47  *By the Court.*——The decision of the court of appeals is affirmed.