# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP1163-CR |
| COMPLETE TITLE: | State of Wisconsin,<br>        Plaintiff-Respondent,<br>    v.<br>Kearney W. Hemp,<br>        Defendant-Appellant-Petitioner. |

REVIEW OF A DECISION OF THE COURT OF APPEALS
(Reported at 353 Wis. 2d 146, 844 N.W.2d 421)
(Ct. App. 2014 – Published)
PDC No.: 2014 WI App 34

| | |
|---|---|
| OPINION FILED: | December 18, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | October 7, 2014 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Milwaukee |
| JUDGE: | Jean A. DiMotto |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

For the defendant-appellant-petitioner, there were briefs by *James B. Duquette* and *Seymour Kremer Koch Lochowicz & Duquette LLP*, Elkhorn, and oral argument by *James B. Duquette.*

For the plaintiff-respondent, the cause was argued by *Christine A. Remington*, assistant attorney general, with whom on the brief was *J.B. Van Hollen*, attorney general.

An amicus curiae brief was *Jill Kastner*, *Shelia Sullivan*, *Erica Seitzer-Beckman*, and *Elyce Wos* on behalf of Legal Action of Wisconsin.

An amicus curiae brief was filed by *Kelli S. Thompson* and *Colleen D. Ball* on behalf of the Office of the State Public Defender.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.  2013AP1163-CR
(L.C.   2009CF4636)

STATE OF WISCONSIN                    :        IN SUPREME COURT

**State of Wisconsin,**

     **Plaintiff-Respondent,**

  **v.**

**Kearney W. Hemp,**

     **Defendant-Appellant-Petitioner.**

**FILED**

**DEC 18, 2014**

Diane M. Fremgen
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals.  *Reversed and cause remanded.*

¶1  MICHAEL  J.  GABLEMAN,  J.    We  review  a  published decision of the court of appeals[1] affirming the Milwaukee County circuit court's order denying Kearney Hemp's ("Hemp") petition for expungement.[2]  At Hemp's sentencing, the circuit court found Hemp eligible for expungement conditioned upon his successful

---

[1] State v. Hemp, 2014 WI App 34, 353 Wis. 2d 146, 844 N.W.2d 421.

[2] The Honorable Jean A. DiMotto, presiding.

completion of probation. Hemp petitioned for expungement a year after successfully completing probation but the circuit court denied his petition, concluding that not only did Hemp have the responsibility to petition for expungement, but that he also had the responsibility to do so in a timely fashion. The circuit court explained that Hemp's "desire for expungement did not ripen until he was charged with new offenses in Walworth County." "The implied time element . . . coupled with the defendant's tardy action in seeking expungement" led the circuit court to deny his petition.

¶2 The court of appeals affirmed, concluding the expungement statute, Wis. Stat. § 973.015 (2009-10)[3], required Hemp to forward his "certificate of discharge" to the circuit court. State v. Hemp, 2014 WI App 34, ¶10, 353 Wis. 2d 146, 844 N.W.2d 421. The court explained that Hemp's failure to forward his certificate for over a year after the Department of Corrections (DOC) discharged him from probation rendered his petition for expungement tardy. Id.

¶3 Three issues are presented for our consideration: 1) whether Hemp's successful completion of probation automatically entitled him to expungement; 2) whether Wis. Stat. § 973.015 places any burden on Hemp to petition the circuit court within a certain period of time in order to effectuate expungement; and 3) whether the circuit court could reverse the

---

[3] All subsequent references to the Wisconsin Statutes are to the 2009-10 version unless otherwise noted.

2

decision it made at sentencing to find Hemp eligible for expungement conditioned upon the successful completion of his sentence.

¶4 First, we hold that the successful completion of probation automatically entitled Hemp to expungement. Second, we hold Wis. Stat. § 973.015 is unambiguous and places no burden on Hemp to petition for expungement within a certain period of time because the duty to forward the certificate of discharge rests solely with the "detaining or probationary authority." Finally, we hold the circuit court improperly exercised its discretion when it reversed the decision it made at sentencing to find Hemp eligible for expungement. Accordingly, the decision of the court of appeals is reversed, and we remand to the circuit court with the instructions that the clerk of courts expunge Hemp's record.

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

¶5 On October 13, 2009, the Milwaukee County District Attorney's Office charged Hemp with one count of possession with intent to deliver THC (tetrahydrocannabinols), 200 grams or less, contrary to Wis. Stat. § 961.41(1m)(h)1, a Class I felony. A conviction for a Class I felony subjects a defendant to a maximum term of imprisonment of three years and six months.[4] Wis. Stat. § 939.50(3)(i). Hemp subsequently pleaded guilty.

---

[4] For the purposes of our discussion, we need recite only the maximum term of imprisonment. A recitation of the potential fines is unnecessary.

3

In exchange for Hemp's guilty plea, the State agreed to recommend probation with 90 days conditional jail time, various treatment based conditions, and to take no position on expungement. The circuit court sentenced[5] Hemp to one year in the House of Corrections, consecutive to any other sentence, stayed for 18 months of probation with 30 days of conditional jail time. As conditions of probation, the court ordered that Hemp continue psychological treatment with his counselor, maintain absolute sobriety, and complete fifty hours of community service. Further, the circuit court found Hemp eligible for expungement conditioned upon the successful completion of probation.[6]

¶6 On December 9, 2011, the DOC notified Hemp he successfully completed and was discharged from probation. The DOC issued Hemp a certificate of discharge, dated December 15, 2011, which it also forwarded to the "court of record." The

---

[5] "Probation itself is generally not a sentence." State v. Horn, 226 Wis. 2d 637, 647, 594 N.W.2d 772 (1999). "[I]f a person is convicted of a crime, the court, by order, may withhold sentence or impose sentence . . . and stay its execution, and in either case place the person on probation to the department for a stated period, stating in the order the reasons therefor." Wis. Stat. § 973.09(1)(a) (2013-14). However, in Matasek we concluded that "§ 973.015 [the expungement statute] itself views probation as a sentence." State v. Matasek, 2014 WI 27, ¶36, 353 Wis. 2d 601, 846 N.W.2d 811.

[6] There is no dispute that at the time of sentencing in Milwaukee County Hemp was eligible for expungement under Wis. Stat. § 973.015(1)(a).

4

circuit court's "Criminal Court Record" entry for January 24, 2012, states: "Notice of case status change" "Probation/Extended Supervision status: Discharged." The certificate of discharge informed the parties "You [Hemp] were placed on probation. The department having determined that you have satisfied said probation, it is ordered that effective December 9, 2011, you are discharged absolutely."

¶7 On October 8, 2012, the Walworth County District Attorney's Office charged Hemp with possession of THC, second or subsequent offense, contrary to Wis. Stat. § 961.41(3g)(e) (2011-12), and possession of drug paraphernalia, contrary to Wis. Stat. § 961.573(1) (2011-12). Realizing the Milwaukee County Class I felony conviction (possession with intent to deliver THC, 200 grams or less) had not been expunged, as the conviction was the basis for the second or subsequent enhancer in Walworth County, Hemp filed Form CR-266,[7] "Petition to Expunge Court Record of Conviction" with the Milwaukee County circuit court on October 30, 2012. Hemp did not attach the discharge certificate issued by the DOC. In response, the circuit court requested proof that Hemp successfully completed probation and

---

[7] This form is the product of the Wisconsin Records Management Committee, a committee of the Director of State Court's Office and a mandate of the Wisconsin Judicial Conference. Wisconsin Stat. § 758.18(1) (2013-14) requires the Judicial Conference to "adopt standard court forms for use by parties and court officials in all civil and criminal actions and proceedings in the circuit court."

5

paid his financial obligations; however, Hemp's counsel did not respond.

¶8 On December 12, 2012, Hemp again petitioned for expungement and attached the requested proof. In an order dated January 3, 2013, the circuit court ordered Hemp to submit a "personal statement" indicating why he thought expungement should be granted despite the pending charges in Walworth County. Hemp subsequently filed such a statement and the State filed a response, arguing Hemp had the responsibility to forward the certificate of discharge to the circuit court in a timely manner. On March 4, 2013, the circuit court issued a decision and order denying expungement. The circuit court explained Hemp's "desire for expungement did not ripen until he was charged with new offenses in Walworth County" and "[t]he implied time element in the expungement statute as argued by the State coupled with the defendant's tardy action in seeking expungement [led] the court to deny his petition."

¶9 On July 22, 2013, Hemp appealed this order. On February 4, 2014, the court of appeals affirmed the circuit court's order denying expungement. Hemp, 353 Wis. 2d 146, ¶1. The court of appeals concluded that, per Wis. Stat. § 973.015, upon the successful completion of probation Hemp had the responsibility to petition the circuit court for expungement, using Form CR-266, and to forward his certificate of discharge to the circuit court. Id., ¶¶13, 15. The court of appeals further concluded that Wis. Stat. § 973.015 implicitly requires a defendant seeking expungement to petition the circuit court in

6

a timely fashion based on the ordinary definition of "upon," meaning "immediately following; very soon after." Id., ¶15 (citing to Wis. Stat. § 973.015(2) which states "[u]pon successful completion of the sentence the detaining or probationary authority shall issue a certificate of discharge which shall be forwarded to the court of record and which shall have the effect of expunging the record"). The court of appeals further concluded the petition must be approved by the circuit court before expungement is effectuated. Id. Because Hemp did not petition the circuit court until a year after his discharge, the court of appeals affirmed the circuit court's order denying Hemp expungement. Id., ¶16.

¶10 The dissent disagreed with the propositions that the defendant is responsible for forwarding the certificate of discharge to the circuit court and that the circuit court retains discretion to deny expungement. Id., ¶¶19, 26 (Curley, J., dissenting). The dissent noted: "[t]he statute says absolutely nothing about the person who has successfully completed his sentence taking any affirmative action to obtain the expungement." Id., ¶20 (Curley, J., dissenting). Rather, the dissent argued the detaining or probationary authority bears the burden of both issuing the certificate and forwarding the certificate to the circuit court. Id., ¶21 (Curley, J., dissenting). The dissent explained it would be unfair to punish Hemp for not forwarding the discharge certificate because the statute provides no notice that he is required to do so. Id., ¶26 (Curley, J., dissenting). According to the dissent, "the

7

statute's clear and unambiguous wording" states that the issuance of the certificate by the detaining or probationary authority "ha[s] the effect of expunging the record." Id. (Curley, J., dissenting).

¶11 Hemp petitioned this Court for review, which we granted on June 12, 2014.

## II. STANDARD OF REVIEW

¶12 This case requires us to construe Wis. Stat. § 973.015. This presents a question of law, which we review de novo. Vill. of Shorewood v. Steinberg, 174 Wis. 2d 191, 201, 496 N.W.2d 57 (1993).

¶13 Statutory interpretation begins with the language of the statute, and, if the language is unambiguous, we apply the statute's plain language to the facts at hand. Id. Statutory language is examined within the context in which it is used. Alberte v. Anew Health Care Servs., Inc., 2000 WI 7, ¶10, 232 Wis. 2d 587, 605 N.W.2d 515. "Words are ordinarily interpreted according to their common and approved usage; technical words and phrases and others that have a particular meaning in the law are ordinarily interpreted according to their technical meaning." State v. Matasek, 2014 WI 27, ¶12, 353 Wis. 2d 601, 846 N.W.2d 811. Further, statutes are interpreted to avoid surplusage, giving effect to each word. Id. "Moreover, words are given meaning to avoid absurd, unreasonable, or implausible results and results that are clearly at odds with the legislature's purpose." Id., ¶13; see also State v. Hanson, 2012 WI 4, ¶17, 338 Wis. 2d 243, 808 N.W.2d

8

390 ("'Context and [statutory] purpose are important in discerning the plain meaning of a statute.' . . . We favor an interpretation that fulfills the statute's purpose.") (citation omitted).

¶14 However, if the statute is ambiguous, we examine extrinsic sources, such as legislative history, to ascertain the legislature's intent; a statute is ambiguous if the language reasonably gives rise to two or more different meanings. State ex rel. Kalal v. Circuit Court for Dane Cnty., 2004 WI 58, ¶¶47, 50-51, 271 Wis. 2d 633, 681 N.W.2d 110.

### III. DISCUSSION

¶15 We first consider whether Hemp's successful completion of probation automatically entitled him to expungement, and conclude that it did. We then address whether Wis. Stat. § 973.015 places any burden on Hemp to petition the circuit court within a certain time frame in order to effectuate expungement, and conclude the statutory duty unambiguously rests with the detaining or probationary authority, not with Hemp. Finally, we consider whether the circuit court could reverse the decision it made at sentencing to find Hemp eligible for expungement conditioned upon the successful completion of his sentence, and conclude it could not. We therefore reverse the court of appeals and remand for further proceedings.

### A. Hemp's Successful Completion of Probation Automatically Entitled Him to Expungement.

¶16 We first consider whether Hemp's successful completion of probation automatically entitled him to expungement. We

9

conclude that it did.  Upon successfully completing probation, Hemp's expungement could not be revoked and, as we will explain below, Hemp's "probationary authority" had the duty to take the necessary steps to effectuate Hemp's expungement.

¶17  The expungement statute, Wis. Stat. § 973.015, is clear:

> (1)(a) . . . when a person is under the age of 25 at the time of the commission of an offense for which the person has been found guilty in a court for violation of a law for which the maximum period of imprisonment is 6 years or less, the court may order at the time of sentencing that the record be expunged upon successful completion of the sentence if the court determines the person will benefit and society will not be harmed by this disposition.
>
>  . . .
>
> (2) A person has successfully completed the sentence if the person has not been convicted of a subsequent offense and, if on probation, the probation has not been revoked and the probationer has satisfied the conditions of probation. Upon successful completion of the sentence the detaining or probationary authority shall issue a certificate of discharge which shall be forwarded to the court of record and which shall have the effect of expunging the record. If the person has been imprisoned, the detaining authority shall also forward a copy of the certificate of discharge to the department.

We have construed this statute to mean "if a circuit court is going to exercise its discretion to expunge a record, the discretion must be exercised at the sentencing proceeding." Matasek, 353 Wis. 2d 601, ¶45.

¶18  Before beginning our analysis we wish to briefly explain expungement.  "It is the intent of [expungement] to provide an alternative to [the] procedures in the criminal code

10

relating to conviction and sentencing." Wis. Stat. § 54.01(2) (1975-76).[8]  At the heart of the expungement statute lies an intention "to provide a break to young offenders who demonstrate the ability to comply with the law" by successfully completing and being discharged from their sentences.  State v. Leitner, 2002 WI 77, ¶38, 253 Wis. 2d 449, 646 N.W.2d 341.

¶19 Expungement offers young offenders a fresh start without the burden of a criminal record and a second chance at becoming law-abiding and productive members of the community. Expungement allows individual defendants a chance to move past the barriers that can be created by a criminal record by giving them "an incentive to rehabilitate," which, in turn, "promotes the public's safety."  Jon Geffen & Stefanie Letze, Chained to the Past: An Overview of Criminal Expungement Law in Minnesota—State v. Schultz, 31 Wm. Mitchell L. Rev. 1331, 1335 (2005) (internal citations omitted).  Indeed, expungement allows "offenders to . . . present themselves to the world—including

---

[8] Wis. Stat. § 973.015 was included as Assembly Substitute Amendment 1 to 1975 Assembly Bill 222, §711m.  The drafting file for the substitute amendment, which is included in the drafting file for Laws of 1975, ch. 39, does not contain any statements concerning why the language was included or even who requested its inclusion.  However, the criteria for a youthful offender disposition under Ch. 54 and expungement under Wis. Stat. § 973.015 were the same——a person under the age of 21, and a finding that the person will benefit and society will not be harmed.  Compare Wis. Stat. § 54.03(1)(a) and (b) (1975-76) with Wis. Stat. § 973.015(1).  This history, along with their simultaneous enactment, reflects that the two statutes were aimed at achieving the same goals for the same type of offenders.

11

future employers—unmarked by past wrongdoing." Hemp, 353 Wis. 2d 146, ¶17.

¶20 The legislature, by enacting Wis. Stat. § 973.015, not only "provide[d] a break to young offenders who demonstrate the ability to comply with the law" but also "provide[d] a means by which trial courts may, in appropriate cases, shield youthful offenders from some of the harsh consequences of criminal convictions." Leitner, 253 Wis. 2d 449, ¶38 (internal quotation marks and citations omitted). The subsequent amendments to § 973.015 show a consistent legislative effort to expand the availability of expungement to include a broader category of youthful offenders. This legislative effort is reflected in the language of the relevant statute, in that, originally, only those 21 years or younger who were found guilty of an offense for which the maximum penalty was one year or less in the county jail were eligible for expungement. Laws of 1975 ch. 39, § 711m. However, Wis. Stat. § 973.015 has since been amended to apply to those 25 years or younger who are found guilty of an offense for which the maximum period of imprisonment is six years or less. Wis. Stat. § 973.015 (1)(a).

¶21 Thus, Wisconsin's expungement statute indicates our legislature's willingness (as expressed by the plain language of the statute) to help young people who are convicted of crimes get back on their feet and contribute to society by providing them a fresh start, free from the burden of a criminal conviction. Through expungement, circuit court judges can, in

appropriate circumstances, help not only the individual defendant, but also society at large.

¶22 With these broad foundational principles in mind, we now return to the text of the expungement statute. Wisconsin Stat. § 973.015(2) explains how an individual successfully completes a sentence. "A person has successfully completed [a] sentence if the person has not been convicted of a subsequent offense and, if on probation, the probation has not been revoked and the probationer has satisfied the conditions of probation." Wis. Stat. § 973.015(2). Thus, an individual defendant like Hemp who is on probation successfully completes probation if (1) he has not been convicted of a subsequent offense; (2) his probation has not been revoked; and (3) he has satisfied all the conditions of probation. These (and these alone) are the only requirements Wis. Stat. § 973.015(2) places on an individual defendant like Hemp to successfully complete probation.

¶23 If a probationer satisfies these three criteria, he has earned expungement, and is automatically entitled to expungement of the underlying charge. See Matasek, 353 Wis. 2d 601, ¶45. Thus, the court of appeals was incorrect when it concluded a defendant is not automatically entitled to expungement upon the successful completion of his sentence because he must first petition for expungement, which the circuit court must approve. The court of appeals' construction reads requirements into the statute that simply are not present. See Brauneis v. State, Labor & Indus. Review Comm'n, 2000 WI 69, ¶27, 236 Wis. 2d 27, 612 N.W.2d 635 ("We should not read into

13

the statute language that the legislature did not put in."). If a circuit court finds an individual defendant eligible for expungement and conditions expungement upon the successful completion of the sentence, then the plain language of the statute indicates that once the defendant successfully completes his sentence, he has earned, and is automatically entitled to, expungement.

¶24 The record clearly indicates Hemp successfully completed probation. First, Hemp was not convicted of any subsequent offense while on probation. Second, Hemp's probation was not revoked. As the relevant certificate indicates, the DOC discharged Hemp from probation effective December 9, 2011, having "satisfied said probation." Finally, Hemp satisfied all the conditions of probation and paid all his supervision fees. Nothing in Wis. Stat. § 973.015 authorizes the circuit court to revisit, impose new requirements, or otherwise reverse its decision to find an individual eligible for expungement conditioned upon the successful completion of the sentence. Matasek, 353 Wis. 2d 601, ¶45. In accordance with the plain language of Wis. Stat. § 973.015, Hemp's successful completion of probation automatically entitled him to expungement of his conviction.

B. The Duty to Forward the Certificate of Discharge Rests with the Detaining or Probationary Authority.

¶25 Next, we consider whether Wis. Stat. § 973.015 places any burden upon Hemp to petition the circuit court within a certain period of time in order to effectuate the expungement.

14

We conclude it does not. Further, we conclude the detaining or probationary authority <u>must</u> forward the certificate of discharge to the court of record upon the individual defendant's successful completion of his sentence and at that point the process of expungement is self-executing. Wisconsin Stat. § 973.015(2) places no burden on the individual defendant to forward his certificate of discharge to the court of record and petition for expungement within a certain period of time.

¶26 Wisconsin Stat. § 973.015(2) requires:

> Upon successful completion of the sentence the detaining or probationary authority shall issue a certificate of discharge which shall be forwarded to the court of record and which shall have the effect of expunging the record. If the person has been imprisoned, the detaining authority shall also forward a copy of the certificate of discharge to the department.

¶27 Once an individual defendant successfully completes his sentence, the plain language of the expungement statute mandates a self-executing process. The legislature's use of the word "shall" indicates that the legislature required the detaining or probationary authority to both issue a certificate of discharge <u>and</u> forward the certificate to the court of record. <u>See</u> <u>Rotfeld v. Wis. Dep't of Natural Res.</u>, 147 Wis. 2d 720, 726, 434 N.W.2d 617 (Ct. App. 1988) (explaining the word "may" is permissive, while "shall" is presumed to indicate mandatory action). As we will explain below, in this context we interpret "shall" to be mandatory. Thus, if the circuit court finds a defendant eligible for expungement at sentencing, once an

15

individual successfully completes his sentence, the "detaining or probationary authority <u>shall</u> issue a certificate of discharge, which <u>shall</u> be forwarded to the court of record and which <u>shall</u> have the effect of expunging the record." Wis. Stat. § 973.015(2) (emphasis added). In other words, upon the successful completion of the defendant's sentence, the detaining or probationary authority must issue a certificate of discharge, and must forward that certificate to the court of record as a matter of course. When this process is completed, expungement is effectuated. Wis. Stat. § 973.015(2) ("Upon successful completion of the sentence the detaining or probationary authority shall issue a certificate of discharge which shall be forwarded to the court of record and which shall have the effect of expunging the record.").

¶28 We read statutes to avoid surplusage and the use of the word "also" in the statute indicates that the detaining or probationary authority is to forward the certificate to both the court of record and the DOC. Wis. Stat. § 973.015(2) ("If the person has been imprisoned, the detaining authority shall <u>also</u> forward a copy of the certificate of discharge to the department.") (emphasis added). Here, if we were to accept the State's interpretation, we would read "also" out of the sentence. "Also" means "in addition." <u>The American Heritage Dictionary of the English Language</u> 53 (5th ed. 2011). The use of the phrase "<u>shall</u> <u>also</u> <u>forward</u>" in describing the "detaining authority's" responsibility to forward the certificate to the DOC indicates that, if the "person has been imprisoned," the

16

detaining authority has the responsibility to forward the certificate of discharge to the DOC, <u>in addition to</u> forwarding it to the court of record.  See <u>Matasek</u>, 353 Wis. 2d 601, ¶18. ("'[E]very word appearing in a statute should contribute to the construction of the statute.'") (internal citation omitted).

¶29  Further support for our conclusion is found in Wis. Stat. § 973.09(5)(a) and § 973.09(5)(c).  When a probationer is discharged from probation, the DOC is to complete and send one of two forms.  Wisconsin Stat. § 973.09(5)(a)(1) requires the issuance of a "certificate of discharge from probation for the felony for which he or she was placed on probation if, at the time of discharge, the probationer is on probation or parole for another felony."  Wisconsin Stat. § 973.09(5)(a)(2) requires the issuance of a certificate of final discharge to a probationer if the underlying conviction was for a felony and the probationer is not on probation or parole for another felony.  A certificate of final discharge was issued in the instant case as Hemp was not on probation or parole for another felony.  Further, Wis. Stat. § 973.09(5)(c) requires the DOC, when the probationer is discharged from probation, to "[i]n all cases, notify the court that placed the probationer on probation that the period of probation has expired."  "When two or more statutes are involved, we seek to construe them so that they are harmonious." <u>State ex rel. Rupinski v. Smith</u>, 2007 WI App 4, ¶19, 297 Wis. 2d 749, 728 N.W.2d 1 (internal citations omitted).  Reading these statutes together with Wis. Stat. § 973.015(2), we conclude that once the detaining or probationary authority forwards the

17

certificate of discharge to the court of record, expungement has been effectuated.  Having already assigned the detaining or probationary authority the duty to forward the certificate to the court of record, it would be absurd to construe the statute, absent any plain language to the contrary, to also require the defendant to forward to the court of record the very same certificate.  See Kalal, 271 Wis. 2d 633, ¶46 (explaining that we interpret statutory language "in relation to the language of surrounding or closely-related statutes").

¶30  The State argues Wis. Stat. § 973.015 uses the passive voice, leaving the identity of the actors indeterminate.  While the statute does indeed use the passive voice, we cannot agree that the identity of the actors is indeterminate.  As we have already concluded, the statute places the duty to forward the certificate with the detaining or probationary authority.[9]

¶31  If the legislature wished to place the burden on an individual defendant to petition for expungement and forward his

---

[9] The Division of Community Corrections' Operations Manual belies the State's argument, that it is the defendant's duty to forward the certificate, as it directs its agents to forward to the court of record the certificate of discharge, which has the effect of expunging the record.  DCC Operations Manual, Division of Community Corrections 01.01.02, 06.26.01-06.26.05 (Oct. 21, 2013), http://doc.wi.gov/community-resources/probation-parole/dcc-operations-manual ("Within ten days following the discharge date, the agent shall forward information to the court indicating whether or not the offender has successfully completed probation. . . . Upon notification of discharge, the court will expunge the record.").  The Division of Community Corrections supervises individuals on probation, parole, or extended supervision.

18

certificate of discharge it could have easily done so. In two other expungement statutes, the legislature clearly required an individual defendant to petition for expungement. See Wis. Stat. § 165.77(4) (requiring a defendant to petition for the expungement of DNA records); Wis. Stat. § 938.355(4m)(a) ("A juvenile who has been adjudged delinquent under s. 48.12, 1993 stats., or s. 938.12 may, on attaining 17 years of age, petition the court to expunge the court's record of the juvenile's adjudication."). If we were to follow the State's and court of appeals' construction we would read language into the statute which the legislature did not include. "We should not read into the statute language that the legislature did not put in." Brauneis, 236 Wis. 2d 27, ¶27. "The more reasonable presumption is that the legislature chose its terms carefully and precisely to express its meaning." Ball v. Dist. No. 4, Area Bd. of Vocational, Technical & Adult Educ., 117 Wis. 2d 529, 539, 345 N.W.2d 389 (1984). If the legislature wished to assign similar duties to similarly situated defendants, it has already shown it is capable of doing so. Matasek, 353 Wis. 2d 601, ¶21.

¶32 The statute neither requires, nor suggests, that the defendant has the duty to petition for expungement. The phrase "shall have the effect" plainly indicates that once the certificate of discharge has been forwarded by the detaining or probationary authority, expungement has been effectuated. Wis. Stat. § 973.015(2). Thus, the forwarding of the certificate of discharge to the circuit court is what triggers expungement, not the filing and approval of a petition. The expungement statute

19

simply does not require a person who successfully completes his sentence to take any affirmative action to obtain expungement. See 67 Wis. Op. Atty. Gen. 301 (1978) ("Subsec. (2) [of Wis. Stat. § 973.015] must be construed to mean that [once the detaining or probationary authority has forwarded the certificate of discharge, its] filing [with the court of record] will give notice to the clerk of courts to physically strike from the record all references to the name and identity of the defendant.").[10] After the detaining or probationary authority forwards the certificate of discharge, expungement has been effectuated, and the defendant need not take any action.

¶33 Here, no doubt exists that Hemp's probationary authority forwarded his certificate of discharge to the circuit court. The circuit court's Criminal Court Record reflects that it received the certificate of discharge. Hemp's case entry for January 24, 2012, shows "Notice of case status change: Discharge." Once the probationary authority forwarded the certificate, expungement was effectuated, and neither Hemp

---

[10] "[A] statutory interpretation by the attorney general 'is accorded even greater weight, and is regarded as presumptively correct, when the legislature later amends the statute but makes no changes in response to the attorney general's opinion.'" Schill v. Wis. Rapids Sch. Dist., 2010 WI 86, ¶126, 327 Wis. 2d 572, 786 N.W.2d 177 (internal citation omitted). The expungement statute has been amended eight times since 67 Wis. Op. Atty. Gen. 301 (1978), yet the applicable language has remained the same. Section 973.015(2) has never been amended to require any action by an individual defendant.

nor his probationary authority had to take additional action.[11] Thus, whether or not Hemp had a "change in circumstances" (as the State argues) is irrelevant.

¶34 The State, however, suggests that we must look to Form CR-266, which, in its view, places the responsibility on the defendant to forward his certificate of discharge to the court of record and petition for expungement. Form CR-266 is titled "Petition to Expunge Court Record of Conviction," which the State argues the defendant must file with the court of record. However, the State is mistaken as Hemp had no duty to use Form CR-266, as he was not required to do so by the plain language of § 973.015. Form CR-266 is a mechanism that a defendant could use to petition for expungement should the detaining or

---

[11] Obviously the clerk of the court had to go through and strike Hemp's name from the records, but this is a mere formality, as the forwarding of the certificate of discharge by Hemp's probationary authority had the effect of expunging the record. Wisconsin Stat. § SCR 72.06 (2013-14) provides the process for expungement:

SCR 72.06. Expunction. When required by statute or court order to expunge a court record, the clerk of the court shall do all of the following:

(1) Remove any paper index and nonfinancial court record and place them in the case file.

(2) Electronically remove any automated nonfinancial record, except the case number.

(3) Seal the entire case file.

(4) Destroy expunged court records in accordance with the provisions of this chapter.

probationary authority fail in its statutory duty to forward the certificate of discharge, but its use is not mandatory as it is not required by Wis. Stat. § 973.015. Further, this form contradicts the statute's plain language, as it attempts to shift the burden of forwarding the defendant's certificate of discharge from the detaining or probationary authority, to the individual defendant. Form CR-266 requires the defendant to state, under oath, that "[t]he detaining or probationary authority has issued a certificate of discharge. A copy is attached." The expungement statute imposes no such duty.

¶35 Accordingly, we direct that form CR-266 be revised consistent with this opinion. A defendant is not required to use form CR-266 in order to effectuate expungement. Rather, the detaining or probationary authority <u>must</u> forward the certificate of discharge to the clerk of court of the court of record. It is this forwarding which has the effect of expunging the record. It would be inconsistent with both the plain language of the statute and with common sense to expect a (usually) unrepresented individual seeking expungement, who is (usually) neither educated in the law nor in legal procedure, to perform the inspection necessary to ensure that expungement was effectuated. To be clear, one who has successfully completed probation need not forward a copy of his certificate of discharge, as that duty does not rest with him, but with the detaining or probationary authority.

¶36 The court of appeals also erroneously concluded that the certificate of discharge must be approved by the circuit

court. Hemp, 353 Wis. 2d 146, ¶13. Once the detaining or probationary authority forwards a certificate of discharge to the court of record, expungement is effectuated. By inferring the necessity of court approval, the court of appeals' construction of the statute imposes additional requirements that are contrary to the statute's plain language. See Brauneis, 236 Wis. 2d 27, ¶27 ("We should not read into the statute language that the legislature did not put in.").

¶37 Finally, we wish to briefly explain that the circuit court and court of appeals incorrectly determined that Wis. Stat. § 973.015 contains an implicit time limit. There is no basis in Wis. Stat. § 973.015 on which the court of appeals or the circuit court could find such a time limit within which a defendant must petition for expungement. As we have explained, a court should not read language into a statute. Matasek, 353 Wis. 2d 601, ¶20.

¶38 Here, the probationary authority did forward the certificate of discharge, which completed the expungement process and should have expunged the record. However, for reasons unknown to us, Hemp's record was not expunged. This failure led Hemp to bring his petition for expungement, which the circuit court denied as untimely. The legislature, via Wis. Stat. § 973.015, placed no burden on Hemp to petition at all, let alone within a certain period of time, and the circuit court did not have the authority to add such a condition. Hemp's expungement was effectuated upon the forwarding of his certificate of discharge by his probationary authority to the

23

court of record.  Wis. Stat. § 973.015(2) ("Upon successful completion of the sentence the detaining or probationary authority shall issue a certificate of discharge which shall be forwarded to the court of record and which shall have the effect of expunging the record.").

## C. The Circuit Court Improperly Exercised its Discretion in Denying Hemp Expungement.

¶39  Finally, we examine whether the circuit court could reverse the decision it made at sentencing to find Hemp eligible for expungement conditioned upon the successful completion of his sentence.  We conclude, in accord with Matasek, that the circuit court improperly exercised its discretion when it denied Hemp expungement.  Once Hemp successfully completed probation the circuit court did not have the discretion to refuse to expunge Hemp's record.

¶40  Nothing in the expungement statute grants the circuit court the authority to revisit an expungement decision.  The fact that the circuit court cannot re-examine the decision is emphasized by our decision in Matasek.  The only point in time at which a circuit court may make an expungement decision is at the sentencing hearing.  Matasek, 353 Wis. 2d 601, ¶45.  If the circuit court exercises its discretion in ordering expungement upon the successful completion of the sentence, and the defendant successfully completes that sentence, then the defendant has earned, and is automatically entitled to, expungement.  A circuit court cannot amend its expungement

24

order, and once the detaining or probationary authority forwards the certificate of discharge, expungement is effectuated.

¶41 Here the circuit court found Hemp eligible for expungement at sentencing stating "I'm going to grant expungement upon successful completion of probation." The court's Criminal Court Record also states: "Upon successful completion of probation, the court GRANTS expungement." After Hemp successfully completed probation and his probationary authority forwarded his certificate to the court of record, the circuit court exceeded its authority in denying Hemp expungement.

¶42 In ordering Hemp to produce a "personal statement" the court opined:

> had the defendant applied for an expungement a year ago, his petition probably would have been granted. But now the circumstances are such that he is asking the court to ignore his recent behavior and to assist him in the defense of his new charges by ordering expungement in this case.

Matasek prohibits a circuit court from re-exercising its discretion under the circumstances of the instant case. Id., ¶43 ("By deciding expunction at the time of sentencing, a circuit court creates a meaningful incentive for the offender to avoid reoffending.") (emphasis added). The circuit court here disregarded the statute's plain language and improperly exercised its discretion by asking for a "personal statement," giving the State a chance to respond, and ultimately denying expungement. Once the circuit court realized that expungement had not been effectuated, it had the plain duty to see to the

25

completion of the expungement process. Instead, the circuit court asked for a "personal statement" from Hemp and gave the State a chance to respond, neither of which it had the authority to do. Thus, the circuit court incorrectly concluded Hemp's desire for expungement did not "ripen" until he was charged with a subsequent offense. Hemp always had the desire for expungement because its benefits reach much further than mitigating future offenses. See Leitner, 253 Wis. 2d 449, ¶38. Wisconsin Stat. § 973.015 does not allow for the kind of "wait and see" approach taken by the circuit court here.[12]

## V. CONCLUSION

¶43 Therefore, we first hold that the successful completion of probation automatically entitled Hemp to expungement. Second, we hold Wis. Stat. § 973.015 is unambiguous and places no burden on Hemp to petition for expungement within a certain period of time because the duty to forward the certificate of discharge rests solely with the detaining or probationary authority. Finally, we hold the circuit court improperly exercised its discretion when it reversed its decision to find Hemp eligible for expungement.

---

[12] "If the legislature allows the circuit court to take the . . . 'wait-and-see' approach, offenders will be uncertain whether the circuit court will expunge the record and this uncertainty might provide a weaker incentive to an offender to complete his or her sentence successfully." Matasek, 353 Wis. 2d 601, ¶43.

26

Accordingly, the decision of the court of appeals is reversed, and we remand to the circuit court with the instructions that the clerk of courts expunge Hemp's record.

*By the Court.*–The decision of the court of appeals is reversed, and the cause is remanded to the circuit court for further proceedings consistent with this opinion.