# COURT OF APPEALS
## DECISION
## DATED AND FILED

## September 8, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP843-CR**

Cir. Ct. No. **2015CF157**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JACOB D. ZWIEFELHOFER,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Pierce County:  JOSEPH D. BOLES, Judge.  *Reversed and cause remanded with directions*.

Before Stark, P.J., Hruz and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jacob Zwiefelhofer appeals from an amended judgment of conviction that removed his eligibility for expungement. He also appeals from an order denying his motion for postconviction relief. The circuit court initially granted expungement eligibility at sentencing. The State, however, later moved the court to reconsider. The court subsequently granted the State's motion and amended the original judgment to remove expungement eligibility. The court concluded that its expungement decision was based, in part, on an inaccurate argument Zwiefelhofer made at sentencing that a felony conviction would make him ineligible for federal farming subsidies and loans.

¶2 On appeal, Zwiefelhofer argues, among other things, that the State forfeited its claim for reconsideration of the circuit court's expungement order when it failed to raise any issue during the sentencing hearing regarding the inaccurate information he provided. We agree that the State forfeited its claim in this regard because at the sentencing hearing, it did not object to or otherwise challenge a legal statement made by Zwiefelhofer's attorney. Accordingly, we reverse and remand for the circuit court to vacate the May 31, 2019 amended judgment of conviction and to reinstate the January 15, 2019 original judgment of conviction.

## BACKGROUND

¶3 The State charged Zwiefelhofer with one felony count of reckless driving causing great bodily harm and one misdemeanor count of reckless driving causing injury after Zwiefelhofer struck two pedestrians with his vehicle. Zwiefelhofer agreed to plead no contest to both counts. As part of the plea agreement, the parties agreed to recommend a deferred judgment on the felony count. The circuit court accepted Zwiefelhofer's plea on the misdemeanor count

and approved the deferred judgment for the felony count. On the misdemeanor count, the court withheld sentence and placed Zwiefelhofer on probation for one year with ninety days' conditional jail time. Several months later, the State moved to revoke the deferred judgment because Zwiefelhofer failed to comply with the terms of the agreement. The court ultimately agreed with the State, and it revoked the deferred judgment and entered a judgment on the felony count.

¶4 At sentencing, the State recommended that the circuit court withhold sentence and place Zwiefelhofer on probation for three years with ten months' conditional jail time. The State also opposed expungement, explaining that "[t]he State is objecting to expungement" because "that ship has already sailed with the offering of the deferred [judgment]." Zwiefelhofer's attorney, on the other hand, recommended that the court place Zwiefelhofer on probation for two to three years with no conditional jail time and with the opportunity for expungement. In support of expungement, Zwiefelhofer's attorney argued that "[a] felony remaining on [Zwiefelhofer's] record would affect both his and his [business] partners' eligibility for federal farming subsidies." He continued,

> What he's asking Your Honor is for the opportunity to keep on being a business owner, to keep on being a member of that business partnership, not to be automatically disqualified from federal subsidies and beginning farmer loans. I think those are the sorts of prosocial activities that should be encouraged rather than discouraged.

The State did not object to or inquire about counsel's statements regarding Zwiefelhofer's eligibility for federal farming subsidies.

¶5 At the conclusion of the sentencing hearing, the circuit court withheld sentence and placed Zwiefelhofer on three years' probation with six months' conditional jail time. The court also made Zwiefelhofer eligible for

3

expungement if he successfully completed his probation. In doing so, the court noted that Zwiefelhofer was "very close" to completing the deferred judgment and "avoiding conviction at all." The court also stated,

> I understand the effects of going through life with a felony on your record, and I don't think that, given what we were willing to do earlier and where—what you've done and where we are now, that it would be appropriate for you to go through life with a felony on your record unless you can't successfully complete probation.

The judgment incorporated the court's sentencing decision, including Zwiefelhofer's right to expungement.

¶6      Nearly one month after sentencing, the State filed a motion requesting that the circuit court reconsider its expungement decision. The State argued that Zwiefelhofer's assertion that a felony conviction would make him ineligible for federal farming benefits was incorrect because only controlled substance convictions served as a basis to deny federal farming benefits under 7 C.F.R. § 718.6 (2018). In response, Zwiefelhofer's attorney argued, among other things, that he made "good-faith representations, on information and belief supplied by [Zwiefelhofer]." Zwiefelhofer also argued that the State forfeited its right to challenge his argument regarding eligibility for federal farming benefits by failing to raise any such challenge at sentencing.

¶7      After additional briefing and oral argument, the circuit court issued a written decision granting the State's motion and amended the judgment to remove Zwiefelhofer's eligibility for expungement. The court found that Zwiefelhofer provided false information to his attorney and that the court granted expungement eligibility, in part, because of this information. The court then discussed the importance of relying on accurate information at sentencing and stated that it must

4

correct sentences based on false information. It further noted that the State could not possibly know "at the time of sentencing what facts the defendant would present to support [his] sentencing argument" and the State's failure to object to the false information at issue was "reasonable."

¶8      Without further discussion, the circuit court subsequently denied Zwiefelhofer's motion to reconsider and his motion for postconviction relief. Zwiefelhofer now appeals.

## DISCUSSION

¶9      This appeal requires us to determine whether the State forfeited its claim regarding inaccurate information by failing to object at sentencing. A party may forfeit a right or claim if the party fails to object at the time the right is violated. *See State v. Coffee*, 2020 WI 1, ¶19, 389 Wis. 2d 627, 937 N.W.2d 579. "The forfeiture rule is supposed to promote the fair, efficient, and orderly administration of justice." *Id.*, ¶31. The rule enables circuit courts "to avoid or correct any error with minimal disruption of the judicial process, eliminating the need for appeal." *See State v. Ndina*, 2009 WI 21, ¶30, 315 Wis. 2d 653, 761 N.W.2d 612. It also encourages attorneys to diligently prepare for and conduct court proceedings, and it "prevents attorneys from 'sandbagging' opposing counsel by failing to object to an error for strategic reasons and later claiming that the error is grounds for reversal." *Id.* Whether a claim is forfeited or adequately preserved for appeal is a question of law that we review de novo. *Coffee*, 389 Wis. 2d 627, ¶17.

¶10      On appeal, Zwiefelhofer argues, among other things, that the State forfeited its claim that the circuit court relied on inaccurate information when granting expungement eligibility because the State failed to object to his

5

expungement argument at sentencing.[1] Zwiefelhofer acknowledges that, under *Coffee*, the forfeiture rule cannot bar a defendant's claim if the defendant failed to object to previously unknown, inaccurate information first raised by the State at sentencing. *See id.*, ¶31. Zwiefelhofer argues, however, that the forfeiture rule nevertheless bars the State's claim if a defendant introduces inaccurate information at sentencing and the State fails to object at that time. Zwiefelhofer therefore argues that the forfeiture rule precludes the State's claim of inaccurate information at sentencing because he introduced the inaccurate information, not the State.

¶11 In response, the State asserts that the forfeiture rule does not bar its claim because the State did not know until after sentencing that Zwiefelhofer would still be eligible for federal farming benefits with the felony conviction at issue. The State argues that this case is essentially the same as *Coffee* but "with the roles reversed." The State also contends that Zwiefelhofer's argument would produce absurd results because it would "allow defendants to blatantly lie at sentencing and give the State no recourse if it later determined that the defendant lied."

¶12 We agree with Zwiefelhofer that the State forfeited its claim that the circuit court relied on inaccurate information at sentencing, but we do so for

---

[1] Zwiefelhofer also argues that: (1) the State failed to set forth the applicable legal grounds for relief in its "motion to reconsider expungement"; (2) the circuit court violated his constitutional right to be present at sentencing when it amended the judgment in his absence; (3) the court lacked the authority to revisit his expungement eligibility after sentencing; and (4) the court violated his right to be free from double jeopardy by reconsidering his expungement eligibility. Because the forfeiture issue is dispositive, we need not address Zwiefelhofer's other arguments. *See Turner v. Taylor*, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (court of appeals need not address all issues raised by the parties if one is dispositive).

different reasons. Under the unique facts of this case, we conclude that the State forfeited its claim because Zwiefelhofer's expungement argument involved a question of law—not of fact—and no clear evidence existed that Zwiefelhofer made any intentional misrepresentations. The State was thus obligated to object to, or at least contest in some fashion, Zwiefelhofer's legal argument at sentencing to avoid forfeiting any argument on the issue.

¶13 Although the circuit court noted that it "relies on facts presented by attorneys if uncontroverted" and that "[t]here is no possible way that the State would know at the time of sentencing what facts the defendant would present," Zwiefelhofer did not present any inaccurate *facts* at sentencing. Rather, he presented, and the court relied on, an inaccurate statement regarding existing law—i.e., that a felony conviction would preclude Zwiefelhofer from obtaining federal farming benefits. The nature of this inaccuracy is clear from the State's reconsideration argument to the circuit court, in which the State cited 7 C.F.R. § 718.6 (2018), and applied it to the undisputed facts of this case. We have long recognized that the application of a statute to undisputed facts is a question of law. *See **State v. Puchacz***, 2010 WI App 30, ¶9, 323 Wis. 2d 741, 780 N.W.2d 536. Zwiefelhofer's argument at sentencing was therefore inaccurate as a matter of law, not as a matter of fact.

¶14 Because the nature of the inaccuracy was legal rather than factual, the State had an opportunity at sentencing to test the accuracy of this portion of Zwiefelhofer's expungement argument, but it did not. Unlike a factual inaccuracy where the State has no method of testing the truth of the factual information first introduced at sentencing, the State could have easily tested the accuracy of Zwiefelhofer's legal statement by asking for Zwiefelhofer's supporting legal authority or by arguing that he lacked a legal basis for the proffered statement.

7

Over two weeks after the sentencing hearing, the State asked Zwiefelhofer's attorney to "share the source of law" that affects Zwiefelhofer's eligibility for obtaining federal farming benefits due to a felony conviction. Nothing prevented the State from making this simple request for legal authority at sentencing. In its motion for reconsideration, the State argued that Zwiefelhofer's attorney "did not provide any legal basis for his statement to the Court that Mr. Zwiefelhofer's eligibility for federal farming benefits would be affected by a felony conviction." Again, nothing prevented the State from arguing at sentencing that Zwiefelhofer's statement lacked a legal basis. In short, the State was able at sentencing to test the accuracy of Zwiefelhofer's expungement argument regarding eligibility for federal farming subsidies, but it failed to do so.

¶15    There is also no clear evidence that Zwiefelhofer intentionally deceived his attorney or sought to deceive the circuit court in order to obtain expungement eligibility. In a letter to the court, Zwiefelhofer's attorney explained that he based his representations regarding federal farming benefits on "information and belief supplied by [Zwiefelhofer]." Although Zwiefelhofer may have told his attorney that a felony conviction would affect his ability to obtain federal farming benefits, no evidence in the record supports the conclusion that he knew this statement regarding the law was inaccurate. Without any evidence of Zwiefelhofer's prior knowledge of what convictions would affect his ability to obtain federal farming benefits, we cannot, nor could the circuit court, conclude that Zwiefelhofer intentionally misrepresented his ability to obtain federal farming

benefits after a felony conviction.[2]  Indeed, had the State challenged the legal assertion at sentencing, the court could have fully vetted the basis for it, which further supports our conclusion regarding forfeiture here.

¶16    Without any inaccurate factual information and without any clear evidence of an intentional misrepresentation, application of the forfeiture rule in this case would "promote the fair, efficient, and orderly administration of justice." *See Coffee*, 389 Wis. 2d 627, ¶31.  Forfeiture in this case would protect the finality of a sentence.  It would encourage the State to address legal arguments or statements when they are raised at sentencing and not to wait, as the State did here, until after the circuit court's unfavorable decision to ask for Zwiefelhofer's supporting legal authority or argue that Zwiefelhofer did not have a legal basis for a particular statement.  The State waited over two weeks to request Zwiefelhofer's legal support and then waited two more weeks before filing a motion to reconsider.  Before the State took any of these actions, Zwiefelhofer had already begun serving his probation and conditional jail time.  If the State wished to

---

[2] Although we cannot reach any conclusion regarding whether Zwiefelhofer intentionally misrepresented the consequences of a felony conviction, we note that his statements were not entirely mistaken and could reasonably result from his misunderstanding of the substantive law. Certain convictions involving controlled substances do indeed serve as a basis for denying federal farming benefits. *See* 7 C.F.R. § 718.6 (2018).  Thus, an anecdote of one person's felony controlled substance conviction adversely affecting federal farming benefits could cause other laypersons to believe, without knowledge of the substantive law, that all felony convictions could adversely affect federal farming benefits.  It would not be unreasonable for a defendant to then express concern to his or her attorney regarding how a felony conviction might affect the defendant.

contest this particular basis for Zwiefelhofer's expungement argument, it was required to do so at sentencing.[3]

¶17     Applying the forfeiture rule in this case would not, as the State argues, allow defendants to "blatantly lie at sentencing" without giving the State any recourse. As we already explained, there is no clear evidence that Zwiefelhofer made any intentional misrepresentations to his attorney or to the circuit court—much less one of historical fact—because nothing in the record suggests that Zwiefelhofer knew that his felony conviction would not affect his eligibility for federal farming benefits. The State also had an opportunity at sentencing to test the accuracy of Zwiefelhofer's statements of law regarding federal farming benefits, but it failed to do so. In other words, the State had recourse at sentencing by objecting to or otherwise challenging Zwiefelhofer's legal statement. For those reasons, and because our decision here is limited to the unique facts and circumstances of this case, our application of the forfeiture rule does not allow a defendant to "blatantly lie" at sentencing without giving the State recourse.

---

[3] Our decision here also protects the finality of an expungement decision. Our supreme court has previously considered several cases involving expungement decisions after a sentencing hearing. *See* *State v. Arberry*, 2018 WI 7, 379 Wis. 2d 254, 905 N.W.2d 832; *State v. Matasek*, 2014 WI 27, 353 Wis. 2d 601, 846 N.W.2d 811; *State v. Hemp*, 2014 WI 129, 359 Wis. 2d 320, 856 N.W.2d 811. In *Matasek*, the court interpreted the expungement statute, WIS. STAT. § 973.015, and concluded that "the phrase 'at the time of sentencing' … mean[s] that if a circuit court is going to exercise its discretion to expunge a record, the discretion must be exercised at the time of the sentencing proceeding." *Matasek*, 353 Wis. 2d 601, ¶6. Similarly, in *Arberry*, the court held that "a defendant may not seek expunction after sentence is imposed because both the language of … § 973.015 and *Matasek* require that the determination regarding expunction be made at the sentencing hearing." *Arberry*, 379 Wis. 2d 254, ¶5. Finally, in *Hemp*, the court held that "the circuit court improperly exercised its discretion when it reversed the decision it made at sentencing to find [the defendant] eligible for expungement." *Hemp*, 359 Wis. 2d 320, ¶4. Although we do not conclude that these cases are dispositive of this appeal, they do lend further support for our conclusion that the State forfeited its inaccurate information claim.

¶18 Finally, we reject the State's argument that this case is essentially the same as *Coffee* but "with the roles reversed." In *Coffee*, the circuit court relied on inaccurate information at sentencing after the State told the court that the defendant was previously arrested for armed robbery—a historical fact that was inaccurate. *Coffee*, 389 Wis. 2d 627, ¶¶9-11. The defendant subsequently moved for postconviction relief and sought to be resentenced. *Id.*, ¶13. On appeal, the State argued that the defendant forfeited his resentencing claim because he failed to object to the inaccurate information at the sentencing hearing. *Id.*, ¶24. Our supreme court rejected the State's forfeiture argument and concluded that the forfeiture rule "does not preclude the ability to later challenge the State's spontaneous presentation at sentencing of previously unknown, inaccurate information." *Id.*, ¶26.

¶19 Unlike in *Coffee*, no inaccurate historical facts were introduced at the sentencing hearing in this case. Although the State may not have known how some or all felony convictions would affect eligibility for federal farming benefits, the State could have simply asked for Zwiefelhofer's legal authority or argued that he lacked a legal basis—just as the State did weeks after the sentencing hearing. The State had an obligation to dispute Zwiefelhofer's statements regarding the law, lest it forfeit any claim regarding the same.

¶20 In conclusion, by failing to object to, or otherwise test the accuracy of, Zwiefelhofer's statements regarding the effect of his felony conviction on his eligibility for federal farming subsidies at sentencing, the State forfeited its inaccurate information claim. We therefore reverse the circuit court's decision to amend Zwiefelhofer's judgment and remand for the court to vacate the May 31, 2019 amended judgment and to reinstate the January 15, 2019 original judgment.

*By the Court.*—Judgment and order reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.