**COURT OF APPEALS
DECISION
DATED AND FILED**

**November 29, 2022**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.    2022AP944
2022AP945
2022AP946
STATE OF WISCONSIN**

Cir. Ct. Nos. 2021JV1049
2021JV1050
2021JV1123

**IN COURT OF APPEALS
DISTRICT I**

IN THE INTEREST OF X.B.A.-S., A PERSON UNDER THE AGE OF 17:

STATE OF WISCONSIN,

PETITIONER-APPELLANT,

V.

X.B.A.-S.,

RESPONDENT-RESPONDENT.

APPEALS from orders of the circuit court for Milwaukee County: REYNA MORALES, Judge. *Reversed and cause remanded with directions.*

¶1     BRASH, C.J.[1]   The State of Wisconsin appeals dispositional orders by the trial court relating to petitions seeking a determination that X.B.A.-S. was a juvenile in need of protection or services (JIPS).   The JIPS petitions were filed after the trial court determined that X.B.A.-S. was not competent to proceed with several delinquency petitions that had been filed against him, but was likely to regain competency within the statutory time frame.

¶2     In the dispositional orders for the JIPS petitions, the court indicated that the JIPS cases were "counseled and closed."   The State argues that these dispositions do not comply with the statutory requirements regarding competency reexaminations.   We agree.   Therefore, we reverse the orders closing the JIPS cases, and remand this matter to the trial court with instructions to enter dispositional orders in those cases consistent with this opinion.

BACKGROUND

¶3     X.B.A.-S., who was born in September 2006, was charged with several crimes in three separate juvenile cases in Milwaukee County in September, October, and December 2021.   In the first case, the charges were throwing or discharging bodily fluids at a public safety worker and resisting an officer; in the second case, disorderly conduct while using a dangerous weapon, criminal damage to property, threatening a law enforcement officer, and obstruction; and in the third case, retail theft in an amount less than $500.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

¶4      X.B.A.-S.'s competency to proceed was challenged by his attorney, and a competency evaluation was conducted in October 2021.  The doctor who performed the evaluation opined that X.B.A.-S. was not competent to proceed, but that with treatment, his competency would likely be restored within the statutory time frame.  The trial court therefore suspended the delinquency proceedings in all three cases, and instructed the State to file JIPS petitions in each case.

¶5      In the meantime, X.B.A.-S. had been placed at a treatment facility in Georgia, pursuant to a preexisting CHIPS (child in need of protection or services) order, where he was receiving intensive services for his mental health issues.  At a hearing held in February 2022, X.B.A.-S.'s human services worker, Jesse Ford, explained that this treatment center could "best meet his needs," that there was still "a lot to work on" in terms of X.B.A.-S.'s "emotional regulation and anger management," but that X.B.A.-S. was "putting forth his best effort."

¶6      Therefore, Ford, as well as counsel for X.B.A.-S. and his guardian ad litem, recommended dispositions of "counseled and closed" for the JIPS petitions.  Ford acknowledged that it was a "big ask" of the trial court to resolve the cases in this manner; however, Ford noted that it "ma[d]e sense" because all of the incidents for which X.B.A.-S. was charged were "manifestations of [X.B.A.-S.]'s mental health issues[.]"  Ford explained that the JIPS petitions would require adding competency restoration programming to X.B.A.-S.'s treatment, which would divert time away from the treatment he was already receiving.  Ford opined that focusing on X.B.A.-S.'s mental health treatment programming was the best option to "avoid future delinquent behavior."

¶7      The trial court agreed that having competing CHIPS and JIPS orders "would actually interfere with [X.B.A.-S.] making substantial progress[.]"

3

Therefore, the court, noting that the CHIPS order would remain in effect, "follow[ed] the recommendations from the experts that know the facilities, that know the programs, and that know the services that [X.B.A.-S. is] receiving," and ordered that the JIPS petitions were to be counseled and closed.[2]  The State appeals that order.

## DISCUSSION

¶8      On appeal, the State argues that the counseled and closed dispositions for the JIPS petitions do not comply with the statutory requirements regarding competency reexaminations.  This requires us to engage in statutory interpretation.  "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect."  *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110.  Statutory interpretation presents a question of law that this court reviews *de novo*.  *DOR v. River City Refuse Removal, Inc.*, 2007 WI 27, ¶26, 299 Wis. 2d 561, 729 N.W.2d 396.

¶9      The statutes relevant to this case are found in WIS. STAT. ch. 938, the Juvenile Justice Code.  When a delinquency petition has been filed against a juvenile but the trial court finds that the juvenile is not competent to proceed, as is the case here, the statutes provide that the court shall suspend the delinquency

---

[2] At a subsequent hearing in March 2022 on a motion by the State to revise and withdraw the dispositional orders, the trial court acknowledged that its previous order which also closed the underlying delinquency petitions was in error, stating that they would remain suspended; however, the court maintained its decision to counsel and close the JIPS petitions.

proceedings and may order the filing of a JIPS petition. WIS. STAT. § 938.30(5)(d)2. The trial court did so here.

¶10 After a juvenile is found to be in need of protection or services pursuant to a JIPS petition, the trial court has a number of dispositional alternatives that it may order under WIS. STAT. § 938.34. *See* WIS. STAT. § 938.345(1). This dispositional order is to include a "care and treatment plan." *See id.*

¶11 "Counseling" is one of the dispositions available to the trial court under WIS. STAT. § 938.34. *See* § 938.34(1). X.B.A.-S. thus asserts that the trial court properly followed this statutory framework in counseling and closing the JIPS petitions, and further notes that the CHIPS order, under which X.B.A.-S. was receiving treatment and which would remain in effect, included the requisite "care and treatment plan" described in WIS. STAT. § 938.345(1).

¶12 However, the State asserts that the trial court erred in counseling and closing the JIPS petitions because this disposition did not comply with the statute requiring competency reexaminations. Specifically, WIS. STAT. § 938.30(5)(e) mandates that when a juvenile who was found not competent to proceed was also found to be likely to become competent to proceed within a certain time frame,[3] and "who is placed under a dispositional order under para. (d)2.," that juvenile

---

[3] The statutory time frame for regaining competency, as set forth in WIS. STAT. § 938.30(5)(e), is within twelve months or "within the time period of the maximum sentence that may be imposed on an adult for the most serious delinquent act with which the juvenile is charged, whichever is less[.]"

"shall be periodically reexamined," with reports of those reexaminations submitted to the court every three months.

¶13 X.B.A.-S. argues that WIS. STAT. § 938.30(5)(e) is not applicable here, since the trial court selected a "valid" dispositional order under WIS. STAT. § 938.34—counseling, and then closing the JIPS cases—which did not involve an ongoing dispositional order. In other words, the absence of an ongoing order means that there is no vehicle under which to order the reexaminations required under § 938.30(5)(e), which X.B.A.-S. contends is permitted under the statutes.

¶14 However, statutory language is interpreted "not in isolation but as part of a whole" and "in relation to the language of surrounding or closely-related statutes[.]" *Kalal*, 271 Wis. 2d 633, ¶46. The requirement for reexaminations set forth in WIS. STAT. § 938.30(5)(e) relates directly back to paragraph (5)(d)2.—the option of the trial court to order the filing of a JIPS petition after suspending delinquency proceedings when a juvenile has been found not competent to proceed, but likely to regain competency within the statutory time frame. The interplay of these closely related paragraphs within § 938.30(5) cannot be ignored just because a particular disposition is permitted under another section of the Juvenile Justice Code. *See Kalal*, 271 Wis. 2d 633, ¶49 ("A statute's purpose or scope may be readily apparent from its plain language or its relationship to surrounding or closely[]related statutes—that is, from its context or the structure of the statute as a coherent whole."). Furthermore, the fact that § 938.30(5)(e) mandates reexaminations by stating that the juvenile "*shall* be periodically reexamined" supports this interpretation. *See id.* (emphasis added); *see also State v. Hemp*, 2014 WI 129, ¶27, 359 Wis. 2d 320, 856 N.W.2d 811 (the use of

"may" in a statute is deemed to be permissive, but the use of "'shall' is presumed to indicate mandatory action").

¶15    Therefore, we conclude that the JIPS cases for X.B.A.-S. should not have been closed; rather, the trial court should have entered dispositional orders that included the required reexamination mandate of WIS. STAT. § 938.30(5)(e). Accordingly, we reverse the orders closing the JIPS cases, and remand this matter for further proceedings consistent with this opinion.

*By the Court.*—Orders reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.