# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP866-CR |
| COMPLETE TITLE: | State of Wisconsin,<br>　　　　　Plaintiff-Respondent,<br>　　v.<br>Diamond J. Arberry,<br>　　　　　Defendant-Appellant-Petitioner. |

REVIEW OF A DECISION OF THE COURT OF APPEALS
Reported at 375 Wis. 2d 179, 895 N.W.2d 100
PDC NO:  2017 WI App 26 - Published

| | |
|---|---|
| OPINION FILED: | January 19, 2018 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | November 14, 2017 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Fond du Lac |
| JUDGE: | Peter L. Grimm |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

For the defendant-appellant-petitioner, there were briefs and an oral argument by *Ellen J. Krahn*, assistant state public defender.

For the plaintiff-respondent, there was a brief and oral argument by *Christine A. Remington*, assistant attorney general, with whom on the brief was *Brad D. Schimel*, attorney general.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2016AP866-CR
(L.C. No. 2015CF294)

STATE OF WISCONSIN      :      IN SUPREME COURT

State of Wisconsin,

    Plaintiff-Respondent,

    v.

Diamond J. Arberry,

    Defendant-Appellant-Petitioner.

**FILED**

**JAN 19, 2018**

Diane M. Fremgen
Acting Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals. *Affirmed.*

¶1 ANNETTE KINGSLAND ZIEGLER, J.  This is a review of a published decision of the court of appeals, State v. Arberry, 2017 WI App 26, 375 Wis. 2d 179, 895 N.W.2d 100, affirming the Fond du Lac County circuit court's[1] denial of Diamond J. Arberry's ("Arberry") postconviction motion seeking expunction[2]

---

[1] The Honorable Peter L. Grimm presided.

[2] There are two different words for the noun form of "expunge": we use "expunction," but "expungement" is also used. To be clear, "expungement" and "expunction" mean the same thing. See Expunction of Record Black's Law Dictionary 702 (10th ed. 2014). But see Bryan A. Garner, Legal Usage 346 (3rd ed. 2011).

pursuant to Wis. Stat. § 973.015 (2013-14)[3] vis-à-vis sentence modification under Wis. Stat. § 809.30(2)(h).

¶2 In a criminal action by the State, Arberry was charged with five crimes relating to an incident of shop-lifting on May 13, 2015: two counts of felony retail theft under Wis. Stat. § 943.50(1m)(d) and (4)(bf) for intentionally concealing merchandise worth between $500 and $5,000; one count of attempted misdemeanor retail theft under § 943.50(1m)(b) and (4)(a) for intentionally attempting to take merchandise worth less than or equal to $500; one count of obstructing an officer under Wis. Stat. § 946.41(1); and one count of resisting an officer under § 946.41(1). All counts were charged with repeater enhancers.

¶3 In the circuit court, Arberry pled no contest to counts one and three; count two was dismissed and counts four and five were dismissed but read in. At the plea hearing, the circuit court accepted Arberry's pleas, found Arberry guilty, and proceeded to sentencing. No mention was made during sentencing of Arberry's eligibility for expunction. After the judgments of conviction were entered and the sentence imposed, Arberry filed a postconviction motion for sentence modification seeking entry of amended judgments of conviction finding that Arberry was eligible for expunction. The circuit court denied the motion, holding that Wis. Stat. § 973.015 requires

---

[3] All references to the Wisconsin Statutes are to the 2013-14 version unless otherwise noted.

expunction to be granted at the time of sentencing. Arberry appealed.

¶4 The court of appeals affirmed. It held that this court's recent case, State v. Matasek, 2014 WI 27, 353 Wis. 2d 601, 846 N.W.2d 811, controlled and directed that the determination regarding expunction "must be made at sentencing." Arberry, 375 Wis. 2d 179, ¶1.

¶5 We consider one issue on this appeal: whether a defendant may seek expunction after sentence is imposed. We conclude that a defendant may not seek expunction after sentence is imposed because both the language of Wis. Stat. § 973.015 and Matasek require that the determination regarding expunction be made at the sentencing hearing.

¶6 Thus, we affirm the decision of the court of appeals.

## I. FACTUAL AND PROCEDURAL BACKGROUND

¶7 The State charged Arberry with the following five crimes: (1) retail theft under Wis. Stat. § 943.50(1m)(d) and (4)(bf), for intentionally concealing merchandise worth between $500 and $5,000 held for resale by Victoria's Secret without the consent of the merchant and with intent to deprive the merchant permanently of possession of the merchandise; (2) retail theft under § 943.50(1m)(d) and (4)(bf), for intentionally concealing merchandise worth between $500 and $5,000 held for resale by TJ Maxx without the consent of the merchant and with intent to deprive the merchant permanently of possession of the merchandise; (3) attempted misdemeanor retail under

3

§ 943.50(1m)(b) and (4)(a), for attempting to intentionally take and carry away merchandise worth up to $500 held for resale by the Buckle without the consent of the merchant and with intent to deprive the merchant permanently of possession of the merchandise; (4) obstructing an officer under Wis. Stat. § 946.41(1), for knowingly obstructing an officer while such officer was doing an act in an official capacity and with lawful authority; and (5) resisting an officer under § 946.41(1), for knowingly resisting an officer while such officer was doing an act in an official capacity and with lawful authority.

¶8 On August 27, 2015, Arberry pled no contest to count one without the repeater enhancer, and to count three as charged. Count two was dismissed and counts four and five were dismissed but read in. The circuit court accepted Arberry's pleas as to counts one and three and found Arberry guilty.

¶9 The circuit court then sentenced Arberry. On count one, for felony retail theft in violation of Wis. Stat. § 943.50(1m)(d), Arberry was sentenced to one year initial confinement and two years extended supervision, to be served concurrently. On count three, for misdemeanor attempted retail theft in violation of § 943.50(1m)(b), Arberry was sentenced to two years of probation, to be served consecutively to the sentence for count one, with an imposed and stayed sentence of one year of initial confinement and one year of extended supervision. The issue of expunction was not raised during this hearing.

4

¶10 On February 17, 2016, Arberry filed a postconviction motion for sentence modification under Wis. Stat. § 809.30(2)(h) seeking entry of amended judgments of conviction finding that she was eligible for expunction. She argued that the circuit court has inherent power to modify a sentence if there is a "new factor."[4] She then argued that Matasek's "clarification of when the court must exercise its discretion to determine eligibility for [expunction] constitutes a 'new factor' that [the circuit court] may take into consideration" in modifying her sentence because, although it was in existence at the time of the original sentencing, it was "unknowingly overlooked by all of the parties."[5]

---

[4] A "new factor" is

a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties.

State v. Harbor, 2011 WI 28, ¶40, 333 Wis. 2d 53, 797 N.W.2d 828 (quoting Rosado v. State, 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975)).

[5] The parties do not dispute that, at the time of sentencing, Arberry met the threshold requirements for expunction under Wis. Stat. § 973.015(1m):

[W]hen a person is under the age of 25 at the time of the commission of an offense for which the person has been found guilty in a court for violation of a law for which the maximum period of imprisonment is 6 years or less, the court may order at the time of sentencing that the record be expunged upon successful completion of the sentence . . . .

(continued)

5

¶11 On March 24, 2016, the circuit court held a hearing on Arberry's postconviction motion. The circuit court held:

> [T]he Court is constrained by the statute. It does require the matter to be granted at the time of sentencing. . . .
>
> Granted, no one brought it up. I didn't bring it up. I don't think as a judge, I have to say no when no one has asked me to say no or asked me to grant it. So I think technically the motion is barred by the case law that's been rendered.[6]

---

§ 973.015(1m)(a)1. In this regard, we note that Arberry has not raised an ineffective assistance of counsel claim regarding the expunction issue. See Wis JI——Criminal SM-36 (2013) ("After the finding of guilt and decision as to the sentence to be imposed, the court shall, if requested by the defendant or defendant's counsel, and may, on the court's own motion, determine whether the defendant should be afforded [expunction] under § 973.015." (Emphasis added)). To succeed on an ineffective assistance of counsel claim, Arberry would have had to demonstrate that failure to raise expunction was deficient performance and that the deficient performance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

We further note that since filing the present case, Arberry's extended supervision on count one has been revoked; that is, she did not successfully complete her sentence as to count one and she is not entitled to expunction on count one. See Wis. Stat. § 973.015(1m)(b) ("A person has successfully completed the sentence if the person has not been convicted of a subsequent offense and, if on probation, the probation has not been revoked and the probationer has satisfied the conditions of probation."). This does not, however, render the case moot because we nonetheless address issues that are "likely to arise again and should be resolved by the court to avoid uncertainty." See State v. Leitner, 2002 WI 77, ¶14, 253 Wis. 2d 449, 646 N.W.2d 341 (quoting State ex rel. La Crosse Tribune v. Cir. Ct. for La Crosse Cty., 115 Wis. 2d 220, 229, 340 N.W.2d 460 (1983)).

[6] The circuit court also ruled on the merits of expunction:

(continued)

6

On April 4, 2016, the circuit court entered its order denying Arberry's postconviction motion.

¶12 On April 22, 2016, Arberry appealed. On March 8, 2017, the court of appeals affirmed the circuit court. See Arberry, 375 Wis. 2d 179. The court of appeals held that, under Matasek, "the determination of [expunction] must be made at sentencing." Id., ¶1. It further held that there was no factual support for a new factor analysis because "Arberry was sentenced well after Matasek was decided"[7] and "[t]here is no indication that the court, much less the prosecutor, or even Arberry's counsel, overlooked [expunction]." Id., ¶4.

¶13 On April 7, 2017, Arberry filed a petition for review in this court. On June 12, 2017, we granted the petition.

> [O]n the merits, even if I were to reconsider or think about it——and I can be honest and I can tell you that if you had asked me at sentencing, I would have said no. And I'm also going to say no today for the reason that convictions have consequences and they are of public record so that the public can protect themselves. The public has the right to know who commits what crimes so they can make decisions to decide how to best interact with an individual for their own mutual decisions of mutual benefit of commerce or trade or employment or otherwise.

Because we affirm on procedural grounds, we need not address whether this post-sentencing ruling on the merits of the motion was a proper exercise of discretion, and decline to do so. See Sweet v. Berge, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983) (holding that an appellate court need not decide an issue if the resolution of another issue is dispositive).

[7] Arberry was sentenced on August 27, 2015; State v. Matasek, 2014 WI 27, 353 Wis. 2d 601, 846 N.W.2d 811, was decided on May 23, 2014.

7

## II. STANDARD OF REVIEW

¶14 "The interpretation and application of a statute present questions of law that this court reviews de novo while benefitting from the analyses of the court of appeals and circuit court." State v. Alger, 2015 WI 3, ¶21, 360 Wis. 2d 193, 858 N.W.2d 346. Whether Wis. Stat. § 973.015 permits a circuit court to decide the issue of expunction after sentence is imposed is a question of statutory interpretation. See Matasek, 353 Wis. 2d 601, ¶10. Thus, we review de novo whether § 973.015 requires a circuit court to decide the issue of expunction at the sentencing hearing.

## III. ANALYSIS

¶15 We consider one issue on this appeal: whether a defendant may seek expunction after sentence is imposed. We conclude that a defendant may not seek expunction after sentence is imposed because both the language of Wis. Stat. § 973.015 and Matasek require that the determination regarding expunction be made at the sentencing hearing.

¶16 Arberry argues that expunction may be raised in a postconviction motion for sentence modification as a "new factor" because sentence modification is a "time of sentencing" under Wis. Stat. § 973.015 and eligibility for expunction is a "new factor" where it was unknowingly overlooked and highly relevant to the sentence. The State argues that expunction can never be a new factor because it is not relevant to sentencing;

8

that is, it is not a factor that circuit courts take into consideration in determining the sentence to be imposed, and thus, expunction may only be raised and addressed at the sentencing hearing. We do not address the "new factor" arguments because we conclude that a post-sentencing motion seeking expunction is procedurally barred.[8] See Sweet v. Berge,

---

[8] We briefly note, however, that it does not make sense to characterize eligibility for expunction as a "new factor." First, expunction is not listed in the case law as a factor courts consider when imposing a sentence. The traditional factors a circuit court considers when imposing a sentence are the gravity of the offense, the character of the offender, and the need to protect the public. See State v. Gallion, 2004 WI 42, ¶29, 270 Wis. 2d 535, 678 N.W.2d 197; see also Wis. Stat. § 973.017 (listing aggravating and mitigating factors in sentencing); Harris v. State, 75 Wis. 2d 513, 519-20, 250 N.W.2d 7 (1977) (listing 12 non-exclusive factors a circuit court should consider in exercising its sentencing discretion). Presumably then, expunction cannot be a "new factor" in sentence modification because it is not a "factor" that is "relevant to the imposition of sentence." Harbor, 333 Wis. 2d 53, ¶40.

Second, the facts underlying eligibility for expunction——the age of the defendant and the maximum period of imprisonment——will always be known at the time of sentencing. Thus, expunction cannot be a "new factor" because the facts are not "new." In this regard, we note that silence in the record is insufficient to establish that the court and all of the parties unknowingly overlooked these facts because the statute does not require a circuit court to consider expunction. See Wis. Stat. § 973.015(1m)(a)1. ("[T]he court may order, at the time of sentencing that the record be expunged upon successful completion of the sentence." (Emphasis added.)); see also infra note 11. Silence could exist for a variety of reasons; here, it could very simply be that the court did not deem Arberry a candidate for expunction because she presented a high risk to reoffend. And the court was right, as Arberry's extended supervision has been revoked since her appeal. See supra note 5.

(continued)

9

113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983) (holding that an appellate court need not decide an issue if the resolution of another issue is dispositive).

¶17 "[S]tatutory interpretation begins with the language of the statute." State ex rel. Kalal v. Cir. Ct. for Dane Cty., 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. Wisconsin Stat. 973.015 states in relevant part as follows:

> [W]hen a person is under the age of 25 at the time of the commission of an offense for which the person has been found guilty in a court for violation of a law for which the maximum period of imprisonment is 6 years or less, the court may order at the time of sentencing that the record be expunged upon successful completion of the sentence if the court determines the person will benefit and society will not be harmed by this disposition.

Wis. Stat. § 973.015(1m)(a)1. (emphasis added). The question before us is whether "at the time of sentencing" means only at the time when sentence is imposed or whether it also encompasses post-sentencing motions for sentence modification. We conclude

---

Simply stated, the fact that expunction, if it is to be considered, must be considered "at the time of sentencing" does not mean that it is a factor considered in imposition of the sentence; rather, it simply means that, procedurally, expunction, if it is to be addressed, must be addressed at the same proceeding where the sentence is imposed. In this regard, we note that, in the infrequent event there is a resentencing hearing under Wis. Stat. § 974.06, a circuit court could consider expunction at that hearing because it then is the hearing where sentence is imposed. To be clear, expunction alone could not be the basis for granting a resentencing hearing, but it could be considered at resentencing.

that "at the time of sentencing" means only at the time when sentence is imposed.

¶18  "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning."  Kalal, 271 Wis. 2d 633, ¶45; see also Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 69 (2012) ("Words are to be understood in their ordinary, everyday meanings—unless the context indicates that they bear a technical sense."). "Sentencing" is specially defined under Wis. Stat. § 809.30: "'Sentencing' means the imposition of a sentence, a fine, or probation in a criminal case. . . ."   § 809.30(1)(f).[9] Therefore, "at the time of sentencing" means "at the time of the imposition of a sentence, fine, or probation in a criminal case."  Imposition of a sentence happens during the sentencing hearing, not at a sentence modification hearing; by definition, sentence modification is the time at which a defendant may seek modification of an already-imposed sentence.  Thus, the phrase "at the time of sentencing" in Wis. Stat. § 973.015 refers to the hearing where sentence is imposed.

_____

[9] Arberry's motion for sentence modification was brought under Wis. Stat. § 809.30(2)(h), as permitted under Wis. Stat. § 973.19(1)(b).  Thus, this definition is applicable here as relevant statutory context. See State ex rel. Kalal v. Cir. Ct. for Dane Cty., 2004 WI 58, ¶46, 271 Wis. 2d 633, 681 N.W.2d 110 ("[S]tatutory language is interpreted in the context in which it is used . . . in relation to the language of surrounding or closely-related statutes . . . .").

11

¶19 Additionally, "[w]ords are to be given the meaning that proper grammar and usage would assign them." Scalia & Garner, supra ¶18, at 140. "The" is a definite article "used as a function word to indicate that a following noun or noun equivalent refers to someone or something that is unique." Webster's Third New International Dictionary 2368 (1986); see also The American Heritage Dictionary of the English Language 1333 (1969) ("The" is used "[b]efore singular or plural nouns and noun phrases that denote particular specified persons or things"). Thus, Wis. Stat. § 973.015(1m)(a)1.'s use of "the" before "time of sentencing" means that the statute contemplates only one unique, specified "time of sentencing"; if expunction may be addressed only at one unique, specified "time of sentencing," common sense counsels that it would be when sentence is imposed because not every criminal defendant will seek or be granted a sentence modification hearing.

¶20 Similarly, in Matasek, we considered whether Wis. Stat. § 973.015 (2011-12)[10] "allows a circuit court to delay the expunction decision until the offender's successful completion of the sentence." Matasek, 353 Wis. 2d 601, ¶5. We held that the phrase "'at the time of sentencing' in [] § 973.015 [meant] that[,] if a circuit court is going to exercise its discretion to expunge a record, the discretion must be exercised at the

---

[10] The operative language is the same as in the 2013-14 version of the Wisconsin Statutes interpreted here.

12

sentencing proceeding." Id., ¶¶6, 45 (emphasis added). Our use of "the" here also contemplates only one time of sentencing.

¶21 Moreover, our analysis in Matasek dictates that that one time is when sentence is imposed. In Matasek, we evaluated two proffered times for expunction: the sentencing hearing when sentence was imposed and after successful completion of the sentence. Id., ¶8. Between the two, we determined that the former——the sentencing hearing——was the only time at which the circuit court could exercise its discretion to expunge a record under the statute, if it was going to do so, because otherwise "at the time of sentencing" would be rendered surplusage. Id., ¶17. Thus, as the court of appeals held, Matasek controls here and dictates that, if a circuit court is going to exercise its discretion to expunge a record, the discretion must be exercised at the hearing where sentence is imposed. See Arberry, 375 Wis. 2d 179, ¶¶3, 5; Scalia & Garner, supra ¶18, at 322-26 ("If a statute uses words or phrases that have already received authoritative construction by the jurisdiction's court of last resort . . . they are to be understood according to that construction.").

¶22 In sum, we conclude that the issue of expunction may be raised only at the sentencing hearing because the language of the statute and Matasek dictate that there is only one

applicable time of sentencing, and it is the time at which a sentence is imposed.[11]

## IV. CONCLUSION

¶23 We consider one issue on this appeal: whether a defendant may seek expunction after sentence is imposed. We conclude that a defendant may not seek expunction after sentence is imposed because both the language of Wis. Stat. § 973.015 and

---

[11] Arberry asks this court, in the alternative, to exercise its superintending power under Article VII, section 3 of the Wisconsin Constitution to direct that circuit courts are required to consider expunction for eligible defendants at the sentencing hearing in order to effectuate Wis. Stat. § 973.015's purpose of "provid[ing] a break to young offenders who demonstrate the ability to comply with the law." We decline this invitation. First, the statute states that "the court may order at the time of sentencing that the record be expunged . . . ." § 973.015(1m)(a)1. (emphasis added). Thus, such a directive would contravene the permissive language of the statute. See Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 112 (2012) ("The traditional, commonly repeated rule is that shall is mandatory and may is permissive.").

Second, our superintending authority is invoked "to implement procedural rules not specifically required by the Constitution or the [statute]" as "a remedy for a violation of recognized rights." State ex rel. State Pub. Def. v. Ct. App., Dist. IV, 2013 WI 31, ¶18, 346 Wis. 2d 735, 828 N.W.2d 847 (alteration in original). Here, doing as Arberry asks would not remedy any violation of a recognized right because it is the defendant's burden to raise the issue of expunction, not the circuit court's. See Wis JI——Criminal SM-36 (2013). Thus, we decline to exercise our superintending power to place additional requirements on the circuit court to specifically make determinations in every sentencing where expunction might be an option. It simply is not required.

<u>Matasek</u> require that the determination regarding expunction be made at the sentencing hearing.

¶24  Thus, we affirm the decision of the court of appeals.


*By the Court*.—The decision of the court of appeals is affirmed.